UNITED STATES, Appellee,

v.

Kevin BIRGE, Lance Corporal, U.S.
Marine Corps, Appellant.

No. 98–1002.
Crim.App. No. 97–0430.

U.S. Court of Appeals for
the Armed Forces.

Argued May 13, 1999.

Decided Sept. 30, 1999.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Lieutenant John D. Holden*, JAGC, USNR (argued); *Lieutenant Syed N. Ahmad*, JAGC, USNR.

For Appellee: *Lieutenant Janice K. O'Grady*, JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler*, USMC, and *Commander E.E. Irvin*, JAGC, USN (on brief).

Judge EFFRON delivered the opinion of the Court.

Appellant was tried by a special court-martial composed of a military judge alone. Consistent with his pleas, he was convicted of conspiring to distribute cocaine (1 specification) and soliciting others to possess cocaine (2 specifications), in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 USC §§ 881 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 160 days, forfeiture of $580.00 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence but suspended all confinement in excess of 124 days for a period of 1 year. The Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

> WHETHER THE LOWER COURT ERRED WHEN IT FOUND THAT APPELLANT HAD WAIVED AN ARTICLE 10, UNIFORM CODE OF MILITARY JUSTICE, VIOLATION WHERE HE FAILED TO RAISE THE ISSUE AT TRIAL AND PLEADED GUILTY.

For the reasons set forth herein, we affirm the decision below.

## I. Background

On May 16, 1996, appellant was placed in pretrial confinement on charges related to the distribution of crack cocaine at Camp Lejeune, North Carolina. Military defense counsel was detailed to represent appellant on June 7, 1996. Charges were preferred on July 15. On July 31, the convening authority ordered a pretrial investigation under Article 32, UCMJ, 10 USC § 832. After appellant's counsel was removed from the case on August 9 due to a conflict of interest, appellant requested, and was granted, an 18–day delay in the investigation. The convening authority referred the charges to a special court-martial on September 4.

Appellant entered into a pretrial agreement on September 16, 1996. At trial, 2 days later, appellant entered an unconditional plea of guilty in accordance with RCM 910, Manual for Courts–Martial, United States (1995 edition).[1] Thereafter, he was convicted and sentenced.

Prior to trial, appellant was incarcerated for a total of 125 days. He did not allege a speedy trial violation at any time prior to, or during, trial. Unpub. op. at 2. The issue was first raised on appeal before the Court of Criminal Appeals, 15 months after trial.

The Court of Criminal Appeals, citing RCM 707(e) and *United States v. Pruitt*, 41 MJ 736, 738–39 (N.M.Ct.Crim.App.1994), held that failure to raise a speedy trial issue at trial "waived" appellant's rights under Article 10, UCMJ, 10 USC § 810. Unpub. op at 2. The court also stated that even if appellant had not waived the issue, no violation of Article 10 was discernible from the facts of record, particularly in view of the 18–day continuance at defense request. Unpub. op. at 2.

## II. Discussion

The parties have identified three distinct legal standards relevant to the granted issue. First, by Presidential directive, a person must be brought to trial within 120 days of preferral of charges, imposition of pretrial restraint, or activation of a reservist for purposes of court-martial jurisdiction, subject to applicable exceptions and exclusions. RCM

---

1. All Manual provisions are cited to the version applicable at trial. The 1998 version is un- changed, unless otherwise indicated.

707.[2] Second, by statute, if a person "is placed in arrest or confinement prior to trial, immediate steps shall be taken ... to try him or to dismiss the charges and release him." Art. 10, UCMJ, 10 USC § 810.[3] Third, the Sixth Amendment guarantees "the right to a speedy and public trial." [4]

The standard relied upon by appellant in the present appeal is the requirement under Article 10 that "immediate steps" be taken to try a person placed in pretrial confinement. Appellant does not claim a violation of the Sixth Amendment "right to a speedy and public trial" under the standards set forth by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), or a violation of RCM 707.

▪ The test for assessing an alleged violation of Article 10 is whether the Government has acted with "reasonable diligence" in proceeding to trial. *United States v. Kossman*, 38 MJ 258, 262 (CMA 1993). In *Kossman*, we made clear that Congress intended to provide servicemembers with broader rights under Article 10 than are available to civilians under the Sixth Amendment. We also noted that the President, in promulgating the regulatory guidance in RCM 707, could not "diminish" the rights provided in Article 10. 38 MJ at 259–60. As a result, even if the Government has complied with RCM 707 and the Sixth Amendment, the Government's failure to proceed with "reasonable diligence" would constitute a violation of Article 10. *See id.*

▪ Appellant contends that the speedy trial right under Article 10 "cannot be waived without an affirmative and fully developed waiver on the record." Final Brief at 6. Although some of our prior cases suggested that Article 10 rights could not be waived, *see, e.g., United States v. Cummings*, 17

USCMA 376, 378, 38 CMR 174, 176 (1968); *United States v. Tibbs*, 15 USCMA 350, 353, 35 CMR 322, 325 (1965); *United States v. Schalck*, 14 USCMA 371, 375, 34 CMR 151, 155 (1964); our most recent precedent, *United States v. Sloan*, 22 USCMA 587, 48 CMR 211 (1974), concluded that failure to raise the issue constituted waiver of Article 10, absent a timely challenge on the part of the accused to any pretrial delay. *See also United States v. Hounshell*, 7 USCMA 3, 6, 21 CMR 129, 132 (1956)("The right to a speedy trial is a personal right which can be waived" by failing to raise the issue at trial.).

Civilian law does not support a requirement for an affirmative and fully developed waiver. For example, under the Speedy Trial Act, 18 USC § 3162(a)(2), "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or *nolo contendre* shall constitute a waiver of the right to dismissal under this section." *See, e.g., United States v. Kime*, 99 F.3d 870, 881 (8th Cir. 1996), *cert. denied*, 519 U.S. 1141, 117 S.Ct. 1015, 136 L.Ed.2d 892 (1997); *United States v. Andrews*, 790 F.2d 803, 809–10 (10th Cir. 1986), *cert. denied*, 481 U.S. 1018, 107 S.Ct. 1898, 95 L.Ed.2d 505 (1987). Moreover, the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 526–29, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), declined to extend to the speedy trial right under the Sixth Amendment the requirement for a knowing and intelligent waiver. The Court noted that the knowing and intelligent waiver requirement is applicable to other constitutional criminal trial rights, "such as the rights to plead not guilty, to demand a jury trial, to exercise the privilege against self-incrimination, and to have the assistance of counsel," but emphasized that the speedy trial right has different characteristics requiring a different approach.

---

2. The 1998 version differs from the version applicable at trial only as to matter not relevant to the granted issue.

3. Article 33, UCMJ, 10 USC § 833, which is not implicated in the present case, requires that "[w]hen a person is held for trial by general court-martial, the commanding officer shall ... forward the charges" within 8 days to the gener-

al court-martial convening authority, "if practicable."

4. Neither party has relied upon *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) (finding a speedy trial violation under the Due Process Clause in egregious cases of preindictment delays involving actual prejudice), and we agree that it is not pertinent to the present appeal.

The Court noted that the question of whether delay would benefit the defense is a matter that could vary, depending on the circumstances of the case, and concluded that "the right to a speedy trial is unique in its uncertainty as to when and under what circumstances it must be asserted or may be deemed waived...." *Id.* at 529, 92 S.Ct. 2182. As a result, the Court rejected a requirement for an affirmative waiver, and instead set forth a "balancing test," involving four factors: "Length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 530, 92 S.Ct. 2182. The Court specifically "emphasize[d] that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532, 92 S.Ct. 2182.

In our view, the same considerations militate against requiring an affirmative waiver on the record with respect to an Article 10 violation. Because Article 10 provides a more stringent speedy trial requirement than the Sixth Amendment, Article 10 issues cannot be resolved simply by determining whether similar delays would have violated the Sixth Amendment under *Barker v. Wingo, supra.* It is appropriate, however, to consider the *Barker v. Wingo* factors—in the context of Article 10's "immediate steps" language and "reasonable diligence" standard—in determining whether a particular set of circumstances violates a servicemember's speedy trial rights under Article 10.

Applying those factors to the present appeal, we note: (1) appellant made no demand for a speedy trial or to be released from pretrial confinement; (2) appellant made no motion to dismiss or any other motion for relief predicated on a lack of speedy trial; (3) appellant entered a pretrial agreement within 2 days of trial; (4) appellant received credit for his pretrial confinement on his sentence; (5) there is no evidence of willful or malicious conduct on the part of the Government to create the delay; and (6) appellant suffered no prejudice to the preparation of his case as a result of the delay. Assuming the facts as set out by appellant are true, we hold that those facts are not sufficient to raise the issue of an Article 10 violation.

In light of our holding, we need not decide whether the Court below correctly decided that appellant waived the Article 10 issue through his guilty plea under RCM 707(e). The conditions under which a servicemember can waive an Article 10 issue through a guilty plea or inaction at trial is a statutory, not a regulatory, question. Because the present case is readily resolved under the *Barker v. Wingo, supra,* factors, it does not present an appropriate vehicle for resolving the relationship between the rule and the statute.

## III. Decision

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.