STONE, Judge:
A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of six specifications of unauthorized absence, wrongful use of a controlled substance, six specifications of larceny, and six specifications of unlawful entry in violation of Articles 86,112a, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, 921, and 930. The appellant was sentenced to confinement for four years and a dishonorable discharge. The convening authority approved the sentence and, except for the dishonorable discharge, ordered it executed. In accordance with the pretrial agreement, the convening authority suspended confinement in excess of 20 months for a period of 12 months from the date of the action.
The appellant presents two assignments of error for our consideration. He first argues that he was denied his right to a speedy trial, despite the fact that he pled guilty unconditionally and never raised the issue at trial. *583 He next argues that if this court determines that he waived his right to a speedy trial by pleading guilty, he was denied effective assistance of counsel due to his counsel’s failure to make a speedy trial motion. He asks this court to either set aside the findings and sentence and dismiss the case, or order a Dubay hearing to further determine the prejudice the appellant suffered as a result of the delay.
After careful consideration of the record of trial, the appellant’s assignments of error, and the Government’s response, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).
Speedy Trial
In his first assignment of error, and despite having pled guilty unconditionally at his court-martial, the appellant now claims for the first time on appeal that he was denied his right to a speedy trial in violation of Rule for Courts-Martial 707, Manual for Courts-Martial, United States (2002 ed.), the 5th and 6th Amendments to the United States Constitution, and Article 10, UCMJ, 10 U.S.C. § 810. Since the appellant alleges violations under four different legal standards, we will address each one separately. See United States v. Lazauskas, 62 M.J. 39, 41 (C.A.A.F.2005); United States v. Birge, 52 M.J. 209, 211 (C.A.A.F.1999).

Rule for Courts-Martial 707

The appellant claims he was denied his right to a speedy trial when he was arraigned 145 days after the imposition of confinement in violation of R.C.M. 707. R.C.M. 707(a) provides, in relevant part, that an accused shall be brought to trial within 120 days after the earlier of (1) the preferral of charges or (2) the imposition of restraint. In making this claim, however, the appellant ignores R.C.M. 707(e), which specifically provides that “a plea of guilty which results in a finding of guilty waives any speedy trial issue as to that offense.” See United States v. Mizgala, 61 M.J. 122, 125 (C.A.A.F.2005). Based on the plain language of R.C.M. 707(e), and the appellant’s unconditional plea of guilty resulting in a finding of guilty, we conclude that this speedy trial issue was waived. Accordingly, we find no violation of R.C.M. 707, and decline to grant relief.

5th Amendment

The appellant also claims that the Government violated his right to a speedy trial under the 5th Amendment to the United States Constitution, although he neither discusses the issue, nor cites any authority to support his argument. Under United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) and its progeny, the Due Process Clause of the 5th Amendment has been consistently applied only in cases of pre-indictment or pre-preferral delays. We decline to extend it further and, because there is no evidence of pre-preferral delay, this issue is without merit.

6th Amendment

The appellant also claims that the Government violated his right to a speedy trial under the 6th Amendment of the United States Constitution. The 6th Amendment to the Constitution declares, inter alia, that “[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial----” Although the text of the amendment does not address waiver, our superior court recently noted that “courts have held that the sixth amendment right is waived by a voluntary guilty plea.” Mizgala, 61 M.J. at 124 (citing Cox v. Lockhart, 970 F.2d 448, 453 (8th Cir.1992) and Tiemens v. United States, 724 F.2d 928, 929 (11th Cir.1984)). Accordingly, we conclude that the 6th amendment speedy trial issue was also waived.

Article 10, UCMJ

Lastly, the appellant claims that the Government violated his right to a speedy trial under Article 10, UCMJ. Article 10 states, inter alia, that “[W]hen any person ... is placed in ... confinement prior to trial, immediate steps shall be taken to ... try him or to dismiss the charges and release him.” The issue of whether an appellant who never raised an Article 10 speedy trial viola *584 tion at court-martial and pled guilty unconditionally can later claim such a violation on appellate review remains unresolved by the Court of Appeals for the Armed Forces (CAAF). See Birge, 52 M.J. at 211-212 (citing earlier eases holding there could not be a waiver and later cases upholding a waiver, but never deciding whether a guilty plea waives an Article 10 speedy trial issue). See also Mizgala, 61 M.J. at 125 (stating that “[o]ver the years our cases have taken different views as to how or whether the right to a speedy trial under Article 10 could be waived.”)
We answer today the question left open by Birge and conclude that an unconditional guilty plea that ultimately results in a guilty finding waives an Article 10 speedy trial issue as to that offense when raised for the first time on appeal. See R.C.M. 707(e), 801(g), 905(e), 910(a)(2); see also United States v. Sloan, 22 USCMA 587, 48 C.M.R. 211, 214, 1974 WL 13798 (C.M.A.1974)(holding that, “ ‘an accused who does not object at the time of trial ... will be precluded from raising the [speedy trial] issue at the appellate level’ ”); United States v. Hounshell, 7 USCMA 3, 21 C.M.R. 129, 132, 1956 WL 4557 (C.M.A.1956)(stating that, “[T]he right to a speedy trial is a personal right which can be waived” by failing to raise the issue at trial). We make this decision mindful of our superior court’s decision in Mizgala, 61 M.J. at 127 (holding “that a litigated speedy trial motion under Article 10 is not waived by a subsequent unconditional guilty plea.”)(emphasis added). We conclude that Mizgala stands for the proposition that only litigated Article 10 issues survive a waiver stemming from a guilty plea, and thus does not affect our decision in this case where the appellant, as in Birge, never raised or litigated the issue of speedy trial and pled guilty unconditionally. We believe that an appellant who has had his day in court, fails to raise a speedy trial issue, and pleads guilty, resulting in a finding of guilty, should not then be allowed to complain about the delay for the first time on appeal. See Hounshell, 21 C.M.R. at 132. Accordingly, we decline to grant relief.
Assuming arguendo that we did not rule that an unconditional guilty plea waives an Article 10 speedy trial issue when raised for the first time on appeal, we would still not grant the relief requested based on the application of the Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), factors to the facts of this ease.
Applying these factors to the case at bar, we are “mindful that we are looking at the proceeding as a whole and not mere speed.” Mizgala, 61 M.J. at 129. In this case, we find:
(1) that the appellant made no demand for a speedy trial or to be released from pretrial confinement; (2) that the appellant made no motion to dismiss or any other motion for relief for a lack of speedy trial; (3) that the appellant entered a pretrial agreement within seven days of trial and unconditionally pled guilty to all charges; (4) that the appellant received credit for his pretrial confinement on his sentence; (5) that even though no reason for the delay was given, there is no evidence of willful or malicious conduct on the part of the Government to create the delay; and,(6) that the appellant suffered no prejudice to the preparation of his ease as a result of the delay. See Birge, 52 M.J. at 212.
Having carefully examined the evidence, we are fully satisfied that the Government acted with “reasonable diligence” throughout this prosecution in charging the appellant and bringing him to trial. Accordingly, we find no violation of Article 10, UCMJ, and decline to grant relief.
Ineffective Assistance of Counsel
Because we find that the appellant waived appellate review of the speedy trial issue, we must address his second assignment of error that he was denied a fair trial by the ineffective assistance of his counsel due to his failure to make a formal speedy trial motion to dismiss the charges with prejudice. We disagree and decline to grant relief.
The Supreme Court has articulated a two-pronged test that an appellate court must *585 satisfy before concluding that relief is required for ineffective assistance of counsel: deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Constitutional standard applies to military cases. United States v. Scott, 24 M.J. 186 (C.M.A.1987). Counsel is presumed to have performed in a competent, professional manner. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, an appellant must show specific defects in counsel’s performance that were “unreasonable under prevailing professional norms.” United States v. Anderson, 55 M.J. 198, 201 (C.A.A.F.2001).
Under the first prong of the Strickland test, we find that the performance of the appellant’s counsel was not deficient when he did not file a speedy trial motion as we are cognizant that a speedy trial is not always in the best interests of the defense. See United States v. Kossman, 38 M.J. 258, 262 (C.M.A.1993) (citing Barker v. Wingo, 407 U.S. at 526, 92 S.Ct. 2182). “It is all too tempting ... to second-guess” a lawyer’s performance, and the court should try to “eliminate the distorting effects of hindsight.” Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Furthermore, “[ajcts or omissions by counsel that are strategic or tactical do not lead to a violation of the first prong of the test.” United States v. Curtis, 44 M.J. 106, 119 (C.A.A.F.1996). The Supreme Court in Barker v. Wingo stated that the:
deprivation of the right [to a speedy trial] may work to the accused’s advantage. Delay is not an uncommon defense tactic. As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which carries the burden of proof. Thus, unlike the right to counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not per se prejudice the accused’s ability to defend himself.
407 U.S. at 521, 92 S.Ct. 2182. In this ease, the appellant fails to acknowledge and address any of the tactical reasons why the defense counsel would not raise a speedy trial issue. Keeping in mind that counsel is presumed to have given adequate advice, we therefore reject the appellant’s assertion that his counsel’s performance was ineffective.
Assuming arguendo that counsel’s performance was unreasonable, under the second prong of the Strickland test we find that the appellant has failed to demonstrate prejudice resulting from the performance of his counsel. When an allegation of ineffective assistance of counsel is based on a failure to make a motion, the appellant “‘must show that there is a reasonable probability that such a motion would have been meritorious.’ ” United States v. McConnell, 55 M.J. 479, 482 (C.A.A.F.2001)(quoting United States v. Napoleon, 46 M.J. 279, 284 (C.A.A.F.1997)); see also United States v. Flack, 47 M.J. 415, 417 (C.A.A.F.1998)(citing Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). In order to meet this burden, “an appellant has the responsibility to bring to an appellate court’s attention facts rather than mere speculation.” United States v. Russell, 48 M.J. 139, 140-11 (C.A.A.F.1998). The appellant’s argument regarding this prong is speculative, relying solely on two comments made by the military judge that the appellant had been in pretrial confinement for “a considerable period of time” and “a significant period of time.” Record at 7, 9. However, we view both of these comments by the military judge as mere acknowledgements of the appellant’s length of confinement. Accordingly, we find that neither comment reflected a reasonable probability that the military judge would hold that the Government had failed to act with reasonable diligence in bringing the appellant to trial.
Finally, the appellant also fails to address the issue of whether the arraignment on the original charges (later withdrawn and re-referred) was sufficient to stop the R.C.M. 707 speedy trial clock on 29 May 2003, 70 days after the initial date of pretrial confinement. Therefore, we find that the appellant *586 failed to meet his burden of showing a reasonable probability that he would have prevailed on a speedy trial motion that he now claims should have been raised.
Accordingly, we conclude that the appellant has failed to meet his burden of demonstrating that he was deprived of effective assistance of counsel and decline to grant relief.
Conclusion
The findings of guilty and the sentence, as approved by the convening authority, are affirmed.
Senior Judge WAGNER and Judge VINCENT concur.