# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Airman First Class CHRISTOPHER J. KLEIN
## United States Air Force

## ACM 38273

## 16 June 2014

Sentence adjudged 3 October 2012 by GCM convened at Malmstrom Air
Force Base, Montana. Military Judge: Dawn R. Eflein and Martin T.
Mitchell (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 2 years, and
reduction to E-1.

Appellate Counsel for the Appellant: Captain Christopher D. James.

Appellate Counsel for the United States: Colonel Don M. Christensen;
Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and SANTORO
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant,
pursuant to his pleas, of negligent dereliction of duty by inhaling an intoxicating
substance and assault consummated by a battery, in violation of Articles 92 and 128,
UCMJ, 10 U.S.C. §§ 892, 928. Contrary to his pleas, the appellant was convicted of a
second specification of assault consummated by a battery, assault with a dangerous
weapon, and impeding an investigation, in violation of Articles 128 and 134, UCMJ,
10 U.S.C. §§ 928, 934.[1] The adjudged and approved sentence was a dishonorable

---

[1] The appellant was acquitted of using "spice" and of a second specification of impeding an investigation.

discharge, confinement for 2 years, and reduction to E-1. Before us, the appellant argues (1) the military judge erroneously determined that there had been no Article 10, UCMJ, 10 U.S.C. § 810, speedy trial violation, and (2) the military judge erroneously declined to award additional pretrial confinement credit pursuant to Article 13, UCMJ, 10 U.S.C. § 813. Finding no error, we affirm.

*Background*

The appellant's marriage was tumultuous and included frequent verbal arguments and incidents of domestic violence that had resulted in the appellant receiving nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815. In early April 2012, the appellant's wife confronted him with her suspicion that he was having an extramarital affair. The verbal argument escalated until the appellant threw a table at her. During another argument, within days of the first, the appellant threw his wife to the ground, bit her, dragged her by the hair, kicked her, choked her, and threw a knife at her. Additionally, in an effort to hide potential evidence of his extramarital relationship from law enforcement, he deleted data from his cellular telephone. Unrelated to the domestic violence incidents, the appellant admitted to inhaling "spice" on multiple occasions in 2010.

*Speedy trial*

While there are three sources of speedy trial rights in the military—Rule for Courts-Martial (R.C.M.) 707, Article 10, UCMJ, and the Sixth Amendment[2]—before us the appellant alleges only a violation of his Article 10, UCMJ, speedy trial right. This is a matter of law we review de novo, bound by the military judge's findings of fact unless they are clearly erroneous. *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007). We adopt the military judge's findings of fact which are supported by the record and not clearly erroneous, which we summarize below.

On 13 April 2012, the appellant was apprehended by Security Forces and remained in law enforcement's custody until his commander ordered him into pretrial confinement the following day. Two days later, the commander conducted a review required by R.C.M. 305(h)(2) and determined that pretrial confinement should continue. On 19 April 2012, a pretrial confinement review officer conducted the hearing required by R.C.M. 305(i) and similarly concluded that continued pretrial confinement was appropriate.

On 22 May 2012, the appellant made his first speedy trial demand in conjunction with a discovery request. The Government had delayed preferral of charges at that time

---

[2] U.S. CONST. amend VI.

until it received a forensics report related to evidence sent to the United States Army Criminal Investigation Laboratory (USACIL) for testing. On 5 June 2012, USACIL issued its DNA report and charges were preferred that same day.

Two days later, the special court-martial convening authority appointed an investigating officer (IO) pursuant to Article 32, UCMJ, 10 U.S.C. § 832. Prior to the Article 32, UCMJ, hearing, trial defense counsel submitted a request for an R.C.M. 706 inquiry ("sanity board").

At this point, the Article 32, UCMJ, investigation and sanity board followed different tracks. The Article 32, UCMJ, hearing was held on 26 June 2012, and the completed IO report was submitted on 18 July 2012.

On 29 June 2012, the special court-martial convening authority ordered the sanity board and excluded the time from his order until the completion of the inquiry from speedy trial consideration. The officer who conducted the sanity board, Major (Maj) ST, received the order on 2 July 2012 but did not take action on the order until after the Independence Day holiday. Maj ST conducted the necessary evaluation, substantially finished her report on 27 July 2012, but had one outstanding issue she needed to resolve before she could formalize her findings. She resolved that issue and issued the final report on 8 August 2012. The sanity board report was served on the defense on 22 August 2012.

The appellant submitted a request for discharge in lieu of court-martial on 9 August 2012. The special court-martial convening authority rejected that request on 15 August 2012. The following day, 16 August 2012, the charges and specifications were referred to trial and served on the appellant on 17 August 2012.

Thereafter, arraignment was scheduled for 27 August 2012 and trial for 1 October 2012. That date, and trial dates, were determined after a discussion about the availability, or lack thereof, of trial counsel, trial defense counsel, and the military judge.

On 23 August 2012, the appellant's wife signed an affidavit which stated her "memory ha[d] become a blur."

The appellant was arraigned on 27 August 2012, a subsequent Article 39(a), UCMJ, 10 U.S.C. § 839(a), session was held on 10 September 2012, and trial was held from 1–3 October 2012.

Article 10, UCMJ, does not demand "constant motion, but reasonable diligence in bringing the charges to trial." *Cossio*, 64 M.J. at 256. (quotation marks and citations omitted). What is necessary is that the Government moved toward trial with "reasonable

diligence." *United States v. Birge*, 52 M.J. 209, 211 (C.A.A.F. 1999). "Brief inactivity is not fatal to an otherwise active, diligent prosecution." *Cossio*, 64 M.J. at 256.

The military judge found, and we concur, that the appellant made timely speedy trial demands and had been in pretrial confinement for 136 days by the date of arraignment and 170 days by the date of trial. Although Article 10, UCMJ, creates a more stringent speedy trial standard than the Sixth Amendment, we use the procedural framework from *Barker v. Wingo*, 407 U.S. 514 (1972), to examine the facts and circumstances surrounding an alleged Article 10, UCMJ, violation. *United States v. Thompson*, 68 M.J. 308, 312 (C.A.A.F. 2010). With due consideration for the more stringent requirements of Article 10, UCMJ, we must, at a minimum, balance the impact of four factors: (1) the length of delay in bringing the appellant to trial, (2) the reason(s) for the delay, (3) whether the appellant asserted his right to a speedy trial prior to trial, and (4) the extent of any prejudice to the appellant. *Barker*, 407 U.S. at 530; *Birge*, 52 M.J. at 212. We do not apply these factors in a vacuum but must also look at the entire proceeding as a whole, for the essential requirement of Article 10, UCMJ, is orderly expedition of the case, not merely speed. *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005). Having applied these factors, and further considering the entire record, we find no violation of Article 10, UCMJ.

The military judge identified several periods of apparent inactivity within the 170 days between the appellant's apprehension and trial. The first was the period of 53 days between apprehension and preferral of charges. The military judge found, and the record supports, that preferral of charges was delayed until USACIL's laboratory results were received. We conclude that awaiting a forensic report for this period of time was not unreasonable. *See Cossio*, 64 M.J. at 257 ("[I]t was not unreasonable for the Government to marshal and weigh all evidence, including forensic evidence, before proceeding to trial."). Additionally, because there is a preference to try all known charges at the same court-martial, R.C.M. 601(e)(2), Discussion, this brief delay to await a forensic report related to a subset of the charges was reasonable.

Next was the 54-day period between the convening authority's order to conduct the sanity board and the distribution of the report. Within those dates, there were two periods of apparent inactivity: (1) the indeterminate number of days between 2 July 2012 when Maj ST received the order and the date she began her evaluation "after the Fourth of July weekend," and (2) the period between 27 July and 8 August 2012 when she held up her report pending resolution of one outstanding question. We first note that the sanity board inquiry and the Article 32, UCMJ, investigation overlapped for a significant portion of this time. The appellant does not allege any period of inactivity in the conduct of the Article 32, UCMJ, hearing, which leaves only the period between 18 July and 8 August 2012 subject to analysis. The military judge noted that Maj ST was on leave for one week during that period and that, upon returning from leave, she

promptly issued the report. We conclude that the inactivity attributable to Maj ST being on leave was "brief" in an "otherwise active prosecution." *See United States v. Kossman*, 38 M.J. 258 (C.M.A. 1993). We further conclude that the overall processing of the appellant's sanity board request was reasonable under the circumstances. This conclusion is further justified when considering the sanity board was conducted at the appellant's request.

The appellant submitted a request for discharge in lieu of trial on 9 August 2012. Referral was reasonably delayed briefly while the request was considered, as there would be no need to refer charges if discharge was granted. The convening authority rejected the request four duty days later. Charges were referred the day after the discharge request was denied and arraignment occurred 11 days later. We conclude that there were no periods of inactivity between the discharge request and arraignment.

Because arraignment does not end the Article 10, UCMJ, speedy trial analysis, *United States v. Cooper*, 58 M.J. 54 (C.A.A.F. 2003), we finally consider the remaining period between arraignment and trial on the merits. The military judge found, and the appellant does not contest, that the Government was ready to proceed to trial on 4 September 2012. Trial defense counsel was not available that week or the next. The next date that all parties and witnesses were available was 1 October 2012, the date trial occurred.

With respect to the prejudice analysis, the appellant asserts that "the military judge did not adequately address the significant prejudice [the a]ppellant suffered when the complaining witness could no longer remember the events," yet before us the appellant also fails to articulate what prejudice he suffered when the *Government's* key witness and victim of the most serious charges asserted a failure of memory. The appellant makes no assertion that any delay in bringing him to trial compromised defense preparation or trial strategy. There is no allegation that a defense witness, or any potential defense witness, suffered from memory loss.

Balancing all of the above factors, and mindful that the protections of Article 10, UCMJ, are more stringent than the Sixth Amendment protections at issue in *Barker*, we find no violation of Article 10, UCMJ. Considering the case as a whole, the Government exercised due diligence in bringing this case to trial. Accordingly, we reject this assignment of error.

*Pretrial Confinement Credit*

We turn now to the appellant's claim that the military judge erred in denying him additional credit resulting from the conditions of his pretrial confinement.

Article 13, UCMJ, prohibits pretrial punishment:

> No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

This article prohibits two types of activities: (1) the imposition of punishment or penalty before trial and (2) conditions of confinement that are more rigorous than necessary to ensure the accused's presence at trial. *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997).

We defer to a military judge's findings of fact unless they are clearly erroneous. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002). We review de novo the legal question as to whether an appellant is entitled to additional confinement credit under Article 13, UCMJ. *United States v. Williams*, 68 M.J. 252, 256 (C.A.A.F. 2010). The burden is the appellant's to establish that he is entitled to Article 13, UCMJ, credit. *Mosby*, 56 M.J. at 310.

While in pretrial confinement, the appellant was housed at the 341st Security Forces Squadron at Malmstrom Air Force Base, Montana, for 170 days. The appellant's living space was segregated from post-trial inmates who were also confined in the facility. At trial, the appellant sought R.C.M. 305(k) credit for a number of alleged violations. However, before us he has significantly limited his argument to two wrongs that he asserts resulted from his being commingled with post-trial prisoners. Our superior court has previously considered whether commingling pretrial detainees with post-trial inmates constitutes a violation of Article 13, UCMJ. As the appellant correctly notes, the court held in *United States v. Palmiter*, 20 M.J. 90, 96 (C.M.A. 1985), that "commingling *per se*, without more, does not constitute punishment."

The appellant argues that the *more* in this case is two-fold: that he was "forced to endure extra physical training due to a post-trial inmate's alleged infraction" and that a prison guard was given a letter of reprimand based on the guard's interaction with a post-trial inmate.

The military judge did not make specific findings with respect to the physical training (PT) sessions. The only evidence the appellant points to in support of this argument is contained in his testimony on the motion. He testified that on two occasions, because a post-trial inmate engaged in what was perceived as disruptive behavior, all of the post-trial inmates and pretrial detainees were ordered to do a one-hour PT session.

Assuming arguendo that the appellant's factual assertions are true, we conclude that he has failed to meet his burden to establish that the two hours of additional PT were intended as punishment (instead of, for example, the maintenance of good order and discipline in the confinement facility).

With respect to the guard's letter of reprimand, the appellant cites to no evidence in the record suggesting, or from which we can reasonably infer, that the issuance of a letter of reprimand to a prison guard for an infraction related to a post-trial inmate resulted in the appellant's punishment. The military judge's findings of fact on this issue similarly found no connection to the appellant.

The military judge credited the appellant with the pretrial confinement he served against his adjudged sentence but found that the appellant had failed to meet his burden to establish a violation of Article 13, UCMJ. We likewise conclude that the appellant has presented insufficient facts to establish an Article 13, UCMJ, violation. We reject this assignment of error.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[3] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[3] The Court-Martial Order (CMO) incorrectly states the appellant pled guilty, except the word "head," to Specification 1 of Charge II. However, the record notes the appellant pled guilty to the full specification language, but that the military judge dismissed that language pursuant to a Rule for Courts-Martial 917 motion made by the defense. We have considered this clerical error and determined that it is not prejudicial; however, we order a corrected CMO. Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).