# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, R.Q. WARD, J.A. FISCHER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**DELZHEA M. CHATMAN**
**AVIATION BOATSWAIN'S MATE**
**(HANDLING) AIRMAN APPRENTICE  (E-2), U.S. NAVY**

**NMCCA 201300119**
**GENERAL COURT-MARTIAL**


**Sentence Adjudged:** 29 November 2012.
**Military Judge:** CDR John Maksym, JAGC, USN.
**Convening Authority:** Commander, U.S. Naval Forces Japan, Yokosuka, Japan.
**Force Judge Advocate's Recommendation:** CDR T.D. Stone, JAGC, USN.
**For Appellant:** LT Jennifer Myers, JAGC, USN.
**For Appellee:** Capt Matthew Harris, USMC.


**28 August 2014**


---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of failure to obey a lawful order, aggravated assault, and obstruction of justice in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928,

and 934.  A panel of members with enlisted representation sentenced the appellant to three years' confinement, reduction to pay grade E-1, total forfeitures, and a bad-conduct discharge.  The convening authority approved the sentence and, except for the punitive discharge, ordered it executed.

On appeal, the appellant raises three assignments of error: first, that he suffered a violation of his rights under Article 13, UCMJ; second, that he suffered a violation of his right to speedy post-trial processing; and third, that he suffered a violation of his right to speedy trial under Article 10, UCMJ.[1] Having examined the record of trial, the appellant's post-trial declaration[2] and assignments of error, and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

**Background**

On 6 July 2012, the appellant attended a barbeque at Sasebo, Japan with several other members of his ship, the USS BONHOMME RICHARD (LHD 6).  At the barbeque, a verbal altercation ensued between the appellant and the victim, Aviation Maintenance Administrationman Third Class (AZ3) DM.  After leaving the barbeque, the appellant proceeded to a nearby Navy Exchange store and purchased a hatchet, which he then stored in a locker nearby.  Upon seeing AZ3 DM later that evening, the appellant retrieved the hatchet and attacked AZ3 DM with it, striking him on the knee.  The appellant then left the scene and disposed of the hatchet in the ocean.

For several days following the incident, the appellant's command placed him in troop medical berthing on board the ship under watch.  On 10 July 2012, his commanding officer ordered him into pretrial confinement at the Naval brig in Yokosuka, Japan.  The following morning, members of the ship's crew escorted the appellant in hand and leg restraints across the deck of the ship in plain view of other crew members participating in command physical training (PT).

Once the appellant arrived at the Yokuska brig, brig staff identified several items missing from his required seabag.

---

[1] The appellant submits the second and third assigned errors pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] On 11 December 2013, we granted the appellant's consent motion to attach his declaration made under penalty of perjury ("Chatman Declaration").

2

These items include various uniform items, personal grooming items and an extra pair of boots.  After numerous attempts by his command failed to rectify the matter, the appellant was eventually escorted to a base exchange where he was permitted to withdraw cash from an ATM and purchase the necessary items.

On 2 October 2012, the appellant demanded speedy trial.  At arraignment on 16 October 2012, the appellant entered not guilty pleas to all offenses and elected trial by members with enlisted representation.  Record at 12, 14.  The military judge then discussed the appellant's speedy trial demand and all parties agreed to a motions date of 5 November 2012.  *Id*. at 16-19.  After reviewing the court docket, the military judge proposed, and counsel agreed to, a trial date of 14-18 January 2013.  *Id*. at 23.  On 24 October 2012, the appellant submitted various motions to include a motion to dismiss all offenses for violation of his right to speedy trial under Article 10, UCMJ.  Appellate Exhibit VI.  On 1 November 2012, the military judge heard the motion and denied relief.  *Id*. at 30-49.  At the Government's request, the military judge readdressed the subject of a trial date in light of the appellant's earlier demand.  With the parties' concurrence, the military judge rescheduled trial to commence on 28 November 2012.  However, on that date the appellant entered guilty pleas to all offenses pursuant to a pretrial agreement.  On 29 November 2012, the members sentenced the appellant.

The convening authority took action in the appellant's case on 25 March 2013 and the record of trial was docketed with this Court on 4 April 2013.  Due to inaccuracies in the record, this court remanded the case for correction of the record.  However, the corrected record of trial was not re-docketed with this Court until 7 November 2013, a delay of 112 days.

**Analysis**

Article 13, UCMJ violation

During sentencing, the military judge heard the appellant's motion for appropriate relief for illegal pretrial punishment and unlawful pretrial confinement under Article 13, UCMJ.  Record at 414-23; AE III.  Trial defense counsel sought confinement credit for a number of actions or inactions by the appellant's command, namely the appellant being escorted in restraints across the deck of the ship in view of Sailors gathered for command PT and the command's failure to ensure that the appellant was accompanied with all necessary items upon entering the brig.  Record at 419-21.  The military judge found

3

merit in the first complaint and granted 75 days additional confinement credit. Notably, however, trial defense counsel failed to raise any of the additional complaints now lodged by the appellant.[3]

When an Article 13 complaint is raised at trial, we review the military judge's findings of fact under a clearly erroneous standard. *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005). The application of those facts to any determination of whether the appellant suffered an Article 13 violation is a matter we review *de novo*. *Id*. The burden is on the appellant to show a violation of Article 13. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002).

Article 13 prohibits two things: (1) the intentional imposition of punishment on an accused before his or her guilt is established at trial, and (2) arrest or pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial. *United States v. Inong,* 58 M.J. 460, 463 (C.A.A.F. 2003). The "punishment prong" of Article 13 focuses on intent, while the "rigorous circumstances" prong focuses on the conditions of pretrial restraint. *See United States v. McCarthy,* 47 M.J. 162, 165 (C.A.A.F. 1997).

In his motion, the appellant through counsel complained of illegal pretrial punishment from the public humiliation of being escorted off the BONHOMME RICHARD in restraints in front of his shipmates. Further, he complained that some of his required personal grooming items and uniform items were missing from his seabag when he arrived at the Yokosuka brig. Specifically, his motion cites these missing items as "1 pair of black socks, 1 blue t-shirt, and 2 PT uniforms (supposed to have a total of 4)." AE III at 6.

The military judge found overall no "obvious evidence of intentional conduct toward punishment[,]" rather ". . .simply massively culpably neglectful conduct." Record at 422. He then granted 75 days' confinement credit for primarily the incident where ship security personnel escorted the appellant in restraints across the deck of the ship in plain view of other personnel. *Id*. at 423.

---

[3] In his declaration, the appellant alleges that during his stay in medical troop berthing he was "forced to rely on the volunteer services of friends and associates" to get meals and that he suffered from a lack of heat while in pretrial confinement. Chatman Declaration at 1-2.

4

However, the appellant now asserts that he was not fed and was left hungry for most of his time in the troop berthing on the USS BONHOMME RICHARD. He also asserts that he spent 10 days in the Yokosuka brig with no toothbrush, toothpaste, soap, deodorant, or razor. Chatman Declaration. He last complains of a lack of necessary heat in the Yokosuka brig, that he was forced to sleep in a t-shirt and shorts, and that the temperature caused him to refrain from drinking water, leading to a state of dehydration so severe Brig personnel rushed him to the base emergency room. *Id.*

Although the appellant's failure to raise these issues at trial does not bar this court from reviewing the conditions of his pretrial confinement, it is strong evidence that appellant has not been subject to pretrial punishment. *United States v. Scalarone*, 52 M.J. 539, 543 (N.M.Ct.Crim.App. 1999). We note that he made no mention of these conditions in his pretrial motion or during the related Article 39a session. Record at 371-423; AE III. Neither did he raise these additional matters in his unsworn statement at trial nor in his personal statement to the convening authority in his clemency petition. Clemency Request of 21 Mar 2013 at enclosures (1) and (2). For these reasons, we find these additional claims lack credible evidence and we decline to grant relief.

Post-Trial Delay

Whether an appellant has been deprived of his due process right to speedy appellate review is a question of law we review de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). We review claims of due process violations caused by the delay under the four-part test laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *Id.* In this analysis, we balance the (1) length of delay; (2) reasons for the delay; (3) appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Id.* If the length of the delay itself is not facially unreasonable, there is no need for further inquiry. *United States v. Jones,* 61 M.J. 80, 83 (C.A.A.F. 2005).

A total of 117 days lapsed from the completion of the appellant's trial (29 November 2012) and the convening authority's action (25 March 2013). The record of trial was docketed with this court on 4 April 2013; however, the corrected record was not docketed until 7 November 2013.

After remand, it took an additional 112 days for the corrected record of trial to be docketed with this court. The appellant cites this additional period of 112 days as

5

unreasonable. However, for most of this time he has had the benefit of a near complete record of trial to prepare his appeal. Furthermore, we note that appellate review by this court has been completed within the 18 month *Moreno* timeline, even if calculated from the original date of docketing (4 April 2013). Consequently, we find no facially unreasonable delay and therefore no further review of the remaining *Moreno* factors is warranted.[4]

Speedy Trial Violation

The appellant asserts that he was denied a speedy trial as guaranteed by Article 10, UCMJ, a claim we review *de novo*. *United States v. Cooper,* 58 M.J. 54, 58 (C.A.A.F. 2003). Where a military judge has made findings of fact when ruling on a speedy trial motion, we give them substantial deference and review only for clear error. *Id.*

The appellant bases his claim on the period of 146 days from imposition of pretrial confinement until conclusion of trial. The standard of diligence under which we review Article 10 claims "is not constant motion, but reasonable diligence in bringing the charges to trial." *United States v. Tibbs,* 35 C.M.R. 322, 325 (C.M.A. 1965). In determining whether the speedy trial requirements are satisfied, it is appropriate to consider: (1) the length of the delay; (2) the reasons for the delay; (3) the assertion of the right to speedy trial; and (4) the existence of prejudice. *See* United *States v. Birge*, 52 M.J. 209, 212 (C.A.A.F. 1999) (quoting *Barker*, 407 U.S. at 530). When those factors are weighed here, we conclude, as did the military judge, that they balance in favor of finding that the appellant was not denied his right to a speedy trial.

1. Length of Delay

Article 10 protections are triggered upon the imposition of pre-trial restraint. *United States v. Schuber*, 70 M.J. 181, 184 (C.A.A.F. 2011). At trial, the Government conceded that the appellant's status in troop medical berthing under a one-on-one watch was akin to confinement, thus triggering the appellant's speedy trial rights. Record at 31. From that time, 146 days passed until conclusion of trial on 29 November 2012. This delay exceeds periods of pretrial confinement our superior court has deemed sufficient to trigger a full speedy trial analysis.

---

[4] Additionally, the appellant has not identified, nor do we find, any harm from this delay.

*United States v. Thompson*, 68 M.J. 308, 312 (C.A.A.F. 2010 (145 days); *United States v. Cossio*, 64 M.J. 254, 257 (C.A.A.F. 2007) (117 days).

    2. Reasons for Delay

    Charges were preferred against the appellant on 6 August 2012.  Subsequently, there was a delay in scheduling an Article 32 hearing until 11 September 2012 due to availability and assignment of defense counsel.  Record at 41.  Following the Article 32 hearing, charges were referred to a general court-martial on 5 October 2012.  During this time, a 706 examination was requested by defense counsel with the resulting report issued on 10 October 2012.  The military judge arraigned the appellant on 16 October 2012.  At arraignment, the appellant entered pleas of not guilty to all offenses and requested trial by members.  *Id*. at 12, 14.  The military judge discussed with counsel the appellant's earlier speedy trial request filed on 2 October 2013.  In light of his speedy trial demand and with a view toward a contested trial, the military judge scheduled trial for 14 January 2013.  Both parties concurred with this trial date.  *Id*. at 21-23; AE I.

    On 24 October 2012, the appellant filed a motion to dismiss all charges due to a violation of Article 10, UCMJ.  The military judge heard and denied the motion on 1 November 2012. Record at 30-49.  The military judge then discussed with the parties rescheduling trial to commence 28 November 2013 in light of the appellant's incarceration and his speedy trial demand. Both parties agreed and consequently the military judge ordered trial to commence on 28 November 2013.  *Id*. at 145-47.  On that date, however, pursuant to a pretrial agreement the appellant changed his pleas and entered pleas of guilty to all offenses. The members returned a sentence the following day.

    Based on these facts, we agree with the military judge that from the preferral of charges onward, albeit some delay at the onset,[5] there was constant motion on appellant's case.   The reasons for any delay in bringing the appellant to trial were reasonable in light of the parties' view toward a contested trial.  We find this factor weighs in favor of the Government.

_____

[5] The military judge found, and we agree, that the delay attributable to the absence of a legal officer on board the BONHOMME RICHARD to prefer charges was unreasonable, but that period of delay is so short that it need not concern this court.  *See United States v. Danylo*, 73 M.J. 183, 190 (C.A.A.F. 2014) ("In our speedy trial jurisprudence, we break down the periods of delay, analyze the reasons for each, and may express concern with some but not other periods of delay.").

7

3. Demand for a Speedy Trial

As noted above, the appellant made a speedy trial request on 2 October 2012. He followed that request with a motion to dismiss filed on 24 October 2013, which the military judge heard in a timely manner. However, this demand made nearly three months after imposition of pretrial restraint, is mitigated by the appellant' pretrial agreement and guilty pleas one month later. Accordingly, we find this factor weighs in neither parties' favor.

4. Prejudice

Prejudice should be assessed in the light of those interests that the speedy trial right was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005) (citation and internal quotation marks omitted). Given his pretrial agreement and resulting pleas, the meaningful credit he received for each day of pretrial confinement, and his failure to identify any prejudice, we conclude that the appellant suffered no violation of his right to speedy trial.

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

8