UNITED STATES, Appellee

v.

Jose A. COSSIO, Airman Basic
U.S. Air Force, Appellant

No. 06-6005

CCA Misc. Dkt. No. 2006-02

United States Court of Appeals for the Armed Forces

Argued October 24, 2006

Decided January 10, 2007

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, J., joined.


STUCKY and RYAN, JJ., did not participate.


Counsel

For Appellant:  Captain John S. Fredland (argued); Lieutenant
Colonel Mark R. Strickland.

For Appellee:  Captain Donna S. Rueppell (argued); Colonel
Gerald R. Bruce, Lieutenant Colonel Robert V. Combs, and Major
Kimani R. Eason.

Military Judge:  William A. Kurlander Jr.


**This opinion is subject to revision before final publication.**

Judge ERDMANN delivered the opinion of the court.

Airman Basic Jose A. Cossio was charged with attempting to violate a lawful general regulation, disrespect toward a superior commissioned officer, willful disobedience of a lawful order, wrongfully creating and maintaining a false official web page which solicited computer identifications, and wrongfully pretending to be an employee acting under the authority of the United States Air Force in violation of Articles 80, 89, 92, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 889, 892, 934 (2000). Prior to trial the military judge granted Cossio's motion to dismiss all charges with prejudice based on the denial of Cossio's speedy trial rights under Article 10, UCMJ, 10 U.S.C. § 810 (2000).

The Government appealed this ruling pursuant to Article 62, UCMJ, 10 U.S.C. § 862 (2000). The United States Air Force Court of Criminal Appeals granted the Government's appeal and set aside the military judge's dismissal. United States v. Cossio, Misc. Dkt. 2006-02, 2006 CCA LEXIS 128, 2006 WL 1540671 (A.F. Ct. Crim. App. May 10, 2006). We granted Cossio's petition to determine whether he had been denied his Article 10, UCMJ, right to a speedy trial.[1]

---

[1] On September 19, 2006, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN GRANTING APPELLANT'S MOTION TO DISMISS BASED ON A

United States v. Cossio, No. 06-6005/AF

Article 10, UCMJ, ensures a servicemember's right to a speedy trial by providing that upon "arrest or confinement prior to trial, immediate steps shall be taken to inform him of the specific wrong of which he is accused and to try him or to dismiss the charges and release him." Cossio claims that, in light of his demand for a speedy trial and the Government's lack of due diligence in bringing him to trial after he was confined, the military judge correctly ruled that he had been denied his Article 10, UCMJ, right to a speedy trial. He asks that we set aside the decision of the Court of Criminal Appeals, which would have the effect of reinstating the military judge's dismissal of the charges and specifications with prejudice. We conclude as a matter of law that the Government exercised reasonable diligence in bringing the charges to trial and that Cossio was not denied his right to a speedy trial under Article 10, UCMJ.

## Background

Prior to the charges which were the basis of this appeal, Cossio was convicted at a general court-martial on unrelated charges and sentenced to a bad-conduct discharge, confinement for ten months, a fine, and reduction to airman basic. Cossio was placed on appellate leave after he was released from

DENIAL OF HIS RIGHT TO A SPEEDY TRIAL UNDER ARTICLE 10, UCMJ.

64 M.J. ___ (C.A.A.F. 2006).

3

confinement on the earlier charges.  While on appellate leave and as a result of an investigation into a counterfeit website purporting to be an official Hurlburt Field[2] website, Cossio was apprehended and placed into confinement on October 5, 2005.  A pretrial confinement hearing was held on October 13, 2005, and the pretrial confinement hearing officer directed that Cossio remain in confinement.

Computer equipment seized from Cossio was sent to the Defense Computer Forensics Laboratory (DCFL) for analysis on October 18, 2005.  The DCFL conducted analysis of the equipment including "imaging" the hard drives and forensically examining the computer equipment.  This analysis began on October 20, 2005, and lasted until January 12, 2006.  DCFL completed and dispatched its computer forensic report on January 17, 2006.  The Air Force Office of Special Investigations (AFOSI) completed its report on January 25, 2006.

In the interim, draft charges were prepared and forwarded to the Air Force Special Operations Command (AFSOC) judge advocate's office for review on October 26, 2005.  On October 28, Cossio made a demand for a speedy trial.  The AFSOC judge advocate's office completed its review of the draft charges on November 10, 2005, and charges were preferred against Cossio on

---

[2] Hurlburt Field is a U.S. Air Force Base located on the gulf coast of Florida and is home to the U.S.A.F. Special Operations

November 22.  The Article 32, UCMJ, 10 U.S.C. § 832 (2000),
investigating officer was appointed on November 29, 2005.  After
a defense-requested delay from December 5 through 13, 2005, the
Article 32, UCMJ, investigation was conducted on December 14 and
the report of investigation submitted on December 22.  Charges
were referred to trial on December 30, 2005.

On January 3, 2006, the military judge held a Rule for
Courts-Martial (R.C.M.) 802 conference at which trial was set
for January 30.  Because the parties could not agree on that
particular trial date, the chief circuit military judge
"directed" trial to begin on that date.  Cossio remained in
continuous pretrial confinement for a total of 120 days until
the military judge dismissed the charges on February 2, 2006.

## Discussion

Because this case came to the Court of Criminal Appeals by
way of a Government appeal under Article 62, UCMJ, that court
was limited to reviewing the military judge's decision only with
respect to matters of law.  Article 62, UCMJ; R.C.M. 908(c)(2).
The court was bound by the military judge's findings of fact
unless they were clearly erroneous and that court could not find
its own facts or substitute its own interpretation of the facts.
See United States v. Mizgala, 61 M.J. 122, 127 (C.A.A.F. 2005).
This court reviews de novo the question of whether Cossio was

Command.  See Hurlburt Field, http://www2.hurlburt.af.mil (last

5

denied his right to a speedy trial under Article 10, UCMJ, as a matter of law and we are similarly bound by the facts as found by the military judge unless those facts are clearly erroneous. Id.; United States v. Cooper, 58 M.J. 54, 58-59 (C.A.A.F. 2003).

In reviewing claims of a denial of a speedy trial under Article 10, UCMJ, we do not demand "'constant motion, but reasonable diligence in bringing the charges to trial.'" Mizgala, 61 M.J. at 127 (quoting United States v. Tibbs, 15 C.M.A. 350, 353, 35 C.M.R. 322, 325 (1965)); see also United States v. Kossman, 38 M.J. 258, 262 (C.M.A. 1993). We inquire whether the Government moved toward trial with "reasonable diligence." United States v. Birge, 52 M.J. 209, 211 (C.A.A.F. 1999). Brief inactivity is not fatal to an otherwise active, diligent prosecution. Tibbs, 15 C.M.A. at 353, 35 C.M.R. at 325 (citing United States v. Williams, 12 C.M.A. 81, 83, 30 C.M.R. 81, 83 (1961)).

Although Article 10, UCMJ, creates a more stringent speedy trial standard than the Sixth Amendment, we have determined that "the factors from Barker v. Wingo, 407 U.S. 514 (1972), are an apt structure for examining the facts and circumstances surrounding an alleged Article 10 violation." Mizgala, 61 M.J. at 127 (citing Cooper, 58 M.J. at 61); Birge, 52 M.J. at 212. Those factors are: "(1) the length of the delay; (2) the

---

visited Jan. 10, 2007) (official Hurlburt Field website).

reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." Mizgala, 61 M.J. at 129 (citing Barker, 407 U.S. at 530).

Cossio argues that in light of his demand for a speedy trial, the Government's approach to his case cannot be considered reasonable. He attributes delay to Government "lollygag[ing]" in hope of securing additional charges. Cossio claims that the Court of Criminal Appeals did not adhere to the military judge's findings of fact which were not clearly erroneous and thus were binding on that court. He claims that the Court of Criminal Appeals erroneously applied a less deferential "common sense and knowledge of the ways of the world" standard, thereby substituting its own perceptions for the military judge's binding factual findings.

The Government responds that the military judge erred in his assessment of whether the charges proceeded to trial with reasonable diligence. According to the Government, the collection and processing of evidence, in particular the need for forensic evaluation of the computer evidence, was prioritized appropriately and not unreasonable. The Government urges that the Court of Criminal Appeals applied the proper clearly erroneous standard to the facts as found by the military judge.

United States v. Cossio, No. 06-6005/AF

We have reviewed the record and the military judge's thorough findings of fact and conclusions of law. His analysis reflects great attention to the just resolution of the motion before him. He is to be commended for his diligence in resolving the motion and his concern for Cossio's right to a speedy trial. His findings that are factual in nature are amply supported by the record and thus not clearly erroneous. Nonetheless, we conclude that, as a matter of law, the facts as found by the military judge do not reflect an absence of due diligence constituting a denial of Cossio's Article 10, UCMJ, right to a speedy trial.

Initially we are confronted with a dispute between Cossio and the Government concerning precisely what the military judge found as fact, and thus binding, versus conclusionary or interpretative statements. Military judges must be careful to restrict findings of fact to things, events, deeds or circumstances that "actually exist" as distinguished from "legal effect, consequence, or interpretation." Black's Law Dictionary 628 (8th ed. 2004) (defining "fact"). We agree with the Court of Criminal Appeals that the military judge mixed findings of fact with "criticism", "apparent belief" and "opinions." Cossio, slip op. at 5, 2006 CCA LEXIS 128, at *8-*9, 2006 WL 1540671, at *3. We therefore accept the military judge's findings of fact insofar as they establish the events and

8

United States v. Cossio, No. 06-6005/AF

circumstances leading to Cossio's trial and proceed to review de novo whether those facts demonstrate a lack of reasonable diligence under Article 10, UCMJ.

Length of Delay

The first factor under the Barker analysis is the 'length of the delay' which "'is to some extent a triggering mechanism,' and unless there is a period of delay that appears, on its face, to be unreasonable under the circumstances, 'there is no necessity for inquiry into the other factors that go into the balance.'" United States v. Smith, 94 F.3d 204, 208-09 (6th Cir. 1996) (quoting Barker, 407 U.S. at 530). Under the circumstances of this case -- where the accused had made a timely demand for a speedy trial and had been in continuous pretrial confinement for 117 days when he moved for relief -- the length of delay is sufficient to trigger the full Barker inquiry.

Reasons for the Delay

The Government notes it was necessary to await forensic examination of the computer equipment to assess the nature of the evidence against Cossio and the true extent of his criminal conduct. Cossio counters that once he had confessed, the Government had all the evidence necessary to proceed to trial. We conclude that it was not unreasonable for the Government to marshal and weigh all evidence, including forensic evidence,

before proceeding to trial.  See R.C.M. 601(e)(2) Discussion ("Ordinarily all known charges should be referred to a single court-martial.").

Forensic examination of the computer equipment seized from Cossio may have provided critical evidence bearing directly on whether the Government could sustain its burden of proof.  In addition, the record reflects that the DCFL devoted itself to another high priority case at the same time Cossio's computer equipment was analyzed.  While delay awaiting forensic evidence may be unreasonable in another case, nothing in this case suggests that DCFL improperly prioritized the other case being analyzed at the same time or otherwise unreasonably delayed forensic examination of the computer evidence in Cossio's case. Although the technical processing of charges against Cossio did involve some delay, on balance the reason for the delay in this case weighs in favor of the Government.

Speedy Trial Request

Cossio made a demand for a speedy trial twenty-three days after he was apprehended.  Thus, this factor weighs in Cossio's favor.

Prejudice

As we noted in Mizgala, the Supreme Court has established the following test for prejudice in the speedy trial context:

> Prejudice, of course, should be assessed in
> the light of the interests of defendants

10

> which the speedy trial right was designed to protect.  This Court has identified three such interests:  (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.  Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

Barker, 407 U.S. at 532 (footnote omitted), quoted in Mizgala, 61 M.J. at 129.

Cossio has failed to assert or establish prejudice under the Barker prejudice criteria.  The military judge found:

> Although there was pretrial confinement in this case, there has been no evidence that AB Cossio's "anxiety and concern" has exceeded the norm.  There's been no showing that he wasn't paid, after an early finance glitch that was remedied.  There's been no showing that the conditions of his pretrial confinement have been unduly harsh.  There's been no showing that his defense has been impaired by the passage of time.  Lastly, upon conviction, he would be entitled to receive administrative credit upon any sentence to confinement for the days he spent in pretrial confinement.  Therefore, there is no prejudice in this case beyond that inherent in sitting in pretrial confinement . . . .

The Court of Criminal Appeals also concluded that there was no prejudice and we agree. The record clearly fails to establish that Cossio suffered any Barker prejudice.

United States v. Cossio, No. 06-6005/AF

Balancing of Barker Factors in an Article 10 Context

Considering the fundamental command of Article 10, UCMJ, for reasonable diligence and balancing the Barker factors, we conclude that Cossio was not denied his right to a speedy trial under Article 10, UCMJ. Even though the technical processing of the charges was not exemplary, the Government has the right (if not the obligation) to thoroughly investigate a case before proceeding to trial. Here, the record does not demonstrate that DCFL improperly prioritized or otherwise unreasonably delayed the forensic examination of the computer evidence, and there was no particularized prejudice. The Government actually leaned forward by getting a trial date before it had the completed DCFL analysis or AFOSI report of investigation. We conclude that the Government proceeded to trial with reasonable diligence under the circumstances of this case and the Court of Criminal Appeals did not err in deciding that Cossio was not denied his Article 10, UCMJ, right to a speedy trial.

## Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.