STUCKY, Judge
(concurring in the result):
I concur in the result, but write separately to express my conclusion that, under these facts, the delay was not “presumptively prejudicial” and, therefore, did not trigger further inquiry under Barker v. Wingo, 407 U.S. 514, 530-31, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
This Court has “consistently noted that Article 10 creates a more exacting speedy trial demand than does the Sixth Amendment,” United States v. Mizgala, 61 M. J. 122, 124 (C.A.A.F.2005), without ever explaining the basis for this conclusion. In our earliest decision on this issue, we stated that the congressional hearings on the Uniform Code of Military Justice (UCMJ) “clearly indicate that Congress did not intend the military practice [concerning speedy trial under Article 10, UCMJ, 10 U.S.C. § 810 (2000) ] to be different from the regular Federal criminal court procedure.” United States v. Houn-shell, 7 C.M.A. 3, 7, 21 C.M.R. 129,133 (1956) (applying Sixth Amendment jurisprudence). However, in United States v. Burton, we “assume[dj for present purposes that the requirements of Article 10 are more rigorous,” 21 C.M.A. 112, 117, 44 C.M.R. 166, 171 (1971), and adopted a presumption that Article 10, UCMJ, was violated by any pretrial confinement that exceeded three months. Id. at 118, 44 C.M.R. at 172. Since then, this Court has continued to state that “Article 10 as construed by this Court demands more expeditious military trials than does the Constitution.” United States v. Marshall, 22 C.M.A. 431, 434, 47 C.M.R. 409, 412 (1973); accord Mizgala, 61 M. J. at 124.
At the time the UCMJ was enacted, it was unclear whether the Bill of Rights applied to courts-martial at all. See Reid v. Covert, 354 U.S. 1, 37, 77 S.Ct. 1222, 1 L.Ed.2d 1148 (1957) (dictum); compare Gordon D. Henderson, Courts-Martial and the Constitution: The Original Understanding, Bicentennial Issue Mil. L.Rev. 141 (1975), with Frederick Bernays Wiener, Courts-Martial and the Bill of Rights: The Original Practice, Bicentennial Issue Mil. L.Rev. 171 (1975). That may explain why the drafters explicitly provided similar, though often superior, rights in the UCMJ. See Article 27, UCMJ, 10 U.S.C. § 827 (2000) (right to counsel); Article 31, UCMJ, 10 U.S.C. § 831 (2000) (right against self-incrimination); Article 44, UCMJ, 10 U.S.C. § 844 (2000) (double jeopardy); Article 55, UCMJ, 10 U.S.C. § 855 (2000) (cruel and unusual punishment). Similarly, Article 10, UCMJ, provides an accused the right to a speedy trial guaranteed to civilians by the Sixth Amendment. While I am not convinced that Article 10, UCMJ, does embody a stricter standard than the Sixth Amendment, that question need not be answered to decide this case. Under either the Sixth Amendment standard or one imposing some sort of heightened scrutiny, the delay in this case was insufficient to trigger an inquiry under Barker.
The majority states that it analyzes Article 10, UCMJ, violations using the procedural framework established by the Supreme Court in Barker for reviewing Sixth Amendment speedy trial claims, but then asserts *315 that “'Sixth Amendment speedy trial standards cannot dictate whether there has been an Article 10 violation.’ ” United States v. Thompson, 68 M.J. at 312 (quoting Mizgala, 61 M.J. at 124). By doing so, in the context of tacitly ignoring the fundamental initial steps of the Barker process, the majority fails to set out what, if anything, the elevated Article 10, UCMJ, standard amounts to.
To trigger a Barker inquiry, the delay must be “presumptively prejudicial.” 407 U.S. at 530, 92 S.Ct. 2182. Whether a delay is “presumptively prejudicial” “is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.” Id. at 530-31, 92 S.Ct. 2182. Instead of considering the seriousness and complexity of Appellant’s case, and the substantial effect of heavy operational demands on personnel, the majority finds the 145-day pretrial confinement period sufficient to trigger a speedy trial inquiry by referencing another case in which the Court held that a 117-day period of pretrial confinement triggered the Article 10, UCMJ, inquiry. 68 M.J. at 312 (citing United States v. Cossio, 64 M.J. 254, 257 (C.A.A.F.2007)). In Cossio, without examining the seriousness or complexity of the charges, the Court concluded that a Barker inquiry was triggered by the 117-day delay where the accused had moved for a speedy trial. Cossio, 64 M.J. at 257.
Of the 145 days Appellant spent in pretrial confinement, 39 days were as a result of defense-requested delays. Considering the complexity and seriousness of the charges— theft of a bank card and other items and misuse of the bank card in the civilian community that involved a joint investigation with civilian authorities — and the fact that operational demands necessitated the appointment of four successive trial counsel, I conclude that the 106 days attributable to the Government that Appellant spent in pretrial confinement were not “presumptively prejudicial” and, therefore, did not trigger the need for a Barker inquiry.