UNITED STATES ARMY COURT OF CRIMINAL APPEALS
 
 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges
 
 UNITED STATES, Appellant
 v.
 Specialist MICHAEL A. PRINCE
 United States Army, Appellee
 
 ARMY MISC 20100939
 
 1st Cavalry Division
 James L. Varley, Military Judge 
 Colonel Mark Sydenham, Staff Judge Advocate
 
For Appellee: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Matthew T. Grady, JA (on brief).

For Appellant: Colonel Michael E. Mulligan, JA; Major Adam S. Kazin, JA; Captain Joshua W. Johnson, JA (on brief).

 22 December 2010

 --------------------------------------------------------------------------
 SUMMARY DISPOSITION AND ACTION ON APPEAL
 BY THE UNITED STATES FILED PURSUANT TO 
 ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
 -------------------------------------------------------------------------

Per Curiam: 

The military judge concluded that the Article 31, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 831 warnings given to appellee were completely lacking, incomplete, or insufficient for each of appellant's statements. He, accordingly, suppressed all statements made during the appellee's six-hour interview. 

When acting on interlocutory appeals under Article 62, UCMJ, our court may act "only with respect to matters of law." United States v. Cossio, 64 M.J. 254, 256 (C.A.A.F. 2007). We may not substitute our own fact-finding. Id. The military judge's findings of fact are reviewed under a clearly erroneous standard and conclusions of law, de novo. United States v. Ayala, 43 M.J. 296, 298 (C.A.A.F. 1995). A military judge's ruling on admissibility of evidence is reviewed for abuse of discretion. United States v. Ediger, 68 M.J. 243, 248 (C.A.A.F. 2010). To overturn the trial judge's ruling on appeal, it must be "arbitrary, fanciful, clearly unreasonable or clearly erroneous." United States v. Taylor, 53 M.J. 195, 199 (C.A.A.F. 2000) (citations and quotations omitted). Given the evidence of record, we do not find that the military judge was wrong as a matter of law. Accordingly, the appeal by the United States, under Article 62, UCMJ, of the military judge's ruling is denied.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court