COX, Senior Judge,
(dissenting):
I join Chief Judge Baker’s dissent. However, I do not believe he has gone far enough in attempting to settle what he describes as the Court never having “explained how ‘a more stringent speedy-trial standard’ [under Article 10, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 810 (2006),] differs from the Sixth Amendment’s speedy trial standard under Barker [v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)].” I would simply hold that Rule for Courts-Martial (R.C.M.) 707 creates a “more stringent speedy trial standard” for meeting the “reasonable diligence” factor.[1] United States v. Cossio, 64 M.J. 254, 256 (C.A.A.F.2007).
I am perplexed, if not totally confused, as to how any Article 10, UCMJ, appeal can be litigated without reference to or analysis of R.C.M. 707. Certainly it is understandable why Appellant might have staked the outcome of his case on the intolerable conditions of pretrial confinement, as described by the Chief Judge in his dissent, and the lack of “immediate steps” to either try him or dismiss the charges. But the more critical question in this case to me is whether or not the Government proceeded with “reasonable diligence.” And the two issues, intolerable confinement and delay, are certainly interrelated.
In United States v. Kossman, 38 M.J. 258, 261 (C.M.A.1993), this Court overruled, notwithstanding strong dissents of two of the judges, United States v. Burton, 21 C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971), a case in which this Court had established a rebuttable *358 presumption that delay was unreasonable if it exceeded three months. The rationale for overruling Burton was that the landscape had changed in the twenty-plus years since Burton was decided and that the President had created a speedy trial rule that answered the question as to how much time was reasonable for the government to bring an accused to trial. Kossman, 38 M.J. at 260. Thus we now have a rule setting forth what would be the ordinary standard for “reasonable diligence.” However, we noted in Koss-man that neither the President nor this Court could provide for a rule which avoided the congressional mandate set forth in Article 10. Id. at 260-61. Thus, there may be circumstances where a military accused is brought to trial within 120 days of the pre-ferral of charges (R.C.M. 707(a)(1)) or the imposition of restraint (R.C.M. 707(a)(2)), yet the mandate to take “immediate steps” to “try him or to dismiss the charges and release him” may have been violated. Article 10, UCMJ. And while I agree with Chief Judge Baker that Article 10, UCMJ, was violated in this ease for the reasons he sets forth, I would have been just as happy to conclude that Article 10, UCMJ, was violated because R.C.M. 707 was also violated.
On Day One every person knows when Day 120 is. As a matter of law, if the government does not bring an accused to trial within 120 days, then it must dismiss the charges and release the accused. R.C.M. 707(a), (d). That is a presidential executive order that sets a standard for “reasonable diligence.” The President provided reasonable alternatives to dismissal of charges with prejudice, i.e., release the accused from pretrial confinement or dismiss the charges with or without prejudice. R.C.M. 707(b)(3)(B), (d)(1). Granted, there are circumstances where an accused cannot be brought to trial within the 120 days and the President has provided for those days to be excluded from the count. R.C.M. 707(c).
I would attribute no delay to the defense unless the defense requests the delay or engages in some sharp practice that causes a delay with the view of triggering the speedy trial rule. I would attribute no delay to the absence of a military judge unless it is occasioned by military exigencies or circumstances which are predetermined and made a matter of record at the time they take place and notice is given to the accused so that he can be heard on the question of delay at that time.
The Sixth Amendment provides no remedy for violation of the right to a speedy trial. Article 10, UCMJ, R.C.M. 707, and the Speedy Trial Act of 1974, Pub.L. No. 93-619, 88 Stat. 2076, 2079-80 (codified as amended at 18 U.S.C. § 3162), do provide for remedies. Appellate courts should not be on a search and rescue mission to save the government from delay regardless. I recognize that there are unusual cases (such as death penalty cases) where it is impossible to get the case to trial in 120 days, but those exceptions can be made through a contemporaneous motion setting forth the reason for the delay and giving the accused an opportunity to be heard as to why that is a frivolous or unworthy reason for delay.[2] Our military justice system under the UCMJ is now over sixty-two years old. It is ridiculous for military judges to have to look backwards and try to save the government from its lack of attention to the “immediate steps” Congress mandated that it take to get a military accused either to trial or out of confinement.

. I do not know how I can make my position clearer. If R.C.M. 707 is violated, then the Government as a matter of law has not taken the "immediate steps” required by Article 10, UCMJ. For me, there is a clear relationship between R.C.M. 707 and the concept of "reasonable diligence.” However, Article 10 can be violated even if R.C.M. 707 has been followed. That is why I join Chief Judge Baker. But I also am of the opinion that the Government did not meet the speedy trial rule set forth in R.C.M. 707.

. I recognize that we do not have standing military courts-martial where motions for continuances can be filed and heard but there are avenues available to both the government and the accused to get these matters on the record, such as a motion to the convening authority to either release the accused or bring him to trial or a motion to the government to delay the trial while a plea bargain is being negotiated. My point is that these should be made a matter of contemporaneous importance not a recreation some 179 days down the road.