# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
PEDE, TOZZI, and CAMPANELLA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant MANUEL RICO**
**United States Army, Appellant**

ARMY 20130045

Headquarters, U.S. Army Maneuver Center of Excellence and Fort Benning
Stephen Castlen, Military Judge
Colonel Mary M. Foreman, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Timothy J. Kotsis, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Steven J. Collins, JA; Captain Benjamin Hogan, JA (on brief).

25 February 2015

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PEDE, Chief Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of maltreatment and one specification of indecent conduct in violation of Articles 93 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 920 (2006 & Supp. IV 2011) [hereinafter UCMJ]. Contrary to appellant's pleas, the military judge convicted him of one specification of rape of a child, two specifications of aggravated sexual contact with a child, one specification of indecent liberties with a child, one specification of indecent acts, and one specification of forcible sodomy of a child under sixteen years of age, in violation of Articles 120 and 125, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-five years, and reduction to the grade of E-1. The convening authority approved the adjudged sentence and credited appellant with 411 days of credit against the sentence to confinement.

RICO—ARMY 20130045

This case is before this court for review under Article 66, UCMJ.  Appellant raised one assignment of error alleging a violation of Article 10, UCMJ, which warrants discussion, but not relief.  We also considered appellant's matters raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

## PROCEDURAL BACKGROUND

Appellant's pretrial confinement began on 3 December 2011, when he was apprehended at Atlanta's Hartsfield-Jackson Airport upon return from Afghanistan on leave.  On 15 December 2011, three charges were preferred against appellant and the Article 32, UCMJ, pretrial investigation, took place on 10 February 2012.  The convening authority later referred charges on 13 March 2012.

On 23 March 2012, appellant's military defense counsel filed a motion under Rule for Courts-Martial [hereinafter R.C.M.] 906 and 305, requesting that appellant be released from pretrial confinement based on an abuse of discretion by the reviewing officer and an insufficient basis for continued confinement.  The military judge denied appellant's motion and the trial was set for 25 June 2012.  The defense later requested, and the military judge approved, a trial date of 15 October 2012 due to the hiring of civilian defense counsel.

The government notified the defense counsel on 2 October 2012 that they were having significant difficulties with the execution of the contract for one of the defense's expert consultants due to the consultant's change in employment and a required change in funding codes.  On 4 October the defense agreed to delay the trial until January 2013.  The defense's expert consultant informed defense counsel on 5 October of the existence of a valid contract and the verification she received from the government's civilian contract specialist.  However, the trial counsel was not aware that the contract for the defense expert consultant was valid and in place when the trial date was moved to January 2013.

On 31 October 2012 the defense counsel filed a motion for release from pretrial confinement under R.C.M. 305 or, in the alternative, to dismiss the charges for a violation of speedy trial under Article 10, UCMJ.  The military judge denied appellant's motion in a written opinion stating the "[g]overnment [had] used 'reasonable diligence' to bring the accused to trial."  The trial took place from 13-16 January 2013.

## LAW AND DISCUSSION

We review an allegation of a violation of Article 10, UCMJ, de novo as a matter of law, and we are "bound by the facts as found by the military judge unless those facts are clearly erroneous."  *United States v. Schuber*, 70 M.J. 181, 188

2

(C.A.A.F. 2011) (quoting *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007)).

The fundamental right to a speedy trial is guaranteed by the 6th Amendment to the United States Constitution. This right is further codified in Article 10, UCMJ and it requires the government to take "immediate steps" to try the Accused. *See United States v. Kossman*, 38 M.J. 258, 259 (C.M.A. 1993) (Article 10 "imposes [on the government] a more stringent speedy trial standard than that of the Sixth Amendment.") (citation omitted). Neither the Constitution nor Article 10 requires constant motion. *United States v. Wilson*, 72 M.J. 347, 351 (C.A.A.F. 2013). Instead, "reasonable diligence" is the implementing standard. *United States v. Mizgala*, 61 M.J. 122, 127 (C.A.A.F. 2005) (citations omitted).

In *Barker v. Wingo*, the United States Supreme Court articulated four factors that must be utilized when analyzing an alleged Article 10 violation: (1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant. 407 U.S. 514, 530 (1972); *see also Mizgala*, 61 M.J. at 129 (applying the *Barker* factors).

Here, appellant was in pretrial confinement for over one year. The defense was accountable for 253 days of the 411 days, and a good portion of this time occurred after appellant's arraignment. This delay, thus, occurred during a period under the direct management and control of the military judge. *See* R.C.M. 801(a) ("The military judge is the presiding officer in a court-martial."). Although certainly not dispositive, the entry of the Court into the march to trial is a significant and informative event. *See* UCMJ art. 40 (authorizing military judges to grant continuances for reasonable cause "to any party for such time, and as often, as may appear to be just."); *Kossman*, 38 M.J. at 262 ("Judges . . . can readily determine whether the [g]overnment has been foot-dragging on a given case, under the circumstances then and there prevailing."). The length of the delay, therefore, is persuasive but not controlling in this case. The three month delay created by the contracting missteps, while unfortunate and ultimately unnecessary, is not dispositive and does not significantly tip the balance of this factor.

Importantly, on 31 October 2012, appellant admitted that the majority of the delay up to that point had been properly attributed to the defense. We also note that the trial judge properly accounted for the various delays leading to the October trial date. Appellant requested a 46-day delay in the Article 32, UCMJ, investigation hearing, agreed to a trial date 95 days after arraignment, and requested a second trial date 112 days after the original trial date. Even after the contracting error was revealed, the defense requested an additional month of delay from the government's proposals.

Under the second prong of our *Barker* analysis, we note that the military judge issued findings of fact that the government's mistake was not the result of gross negligence. Despite an early admonition from the trial judge to the trial counsel to focus on effective contracting in this case, the government nonetheless failed to adequately anticipate and oversee the process. It appears supervisory judge advocate oversight was absent in the processing of this case. The principal reason for the government's mistake was an overreliance on passive forms of communication, mainly electronic mail. Effective trial practice, most especially in cases of pretrial confinement, requires an emphasis at all levels within a criminal practice of personal action and urgency. While the government's failure was avoidable and is certainly unfortunate, the government did not act in bad faith. Moreover, the government's willingness to reschedule the trial on the earliest possible date following discovery of the mistake, combined with the defense's willingness to request lengthy delays prior to this time mitigate in favor of the government, despite its contracting missteps.

Appellant clearly meets the requirements of the third prong having filed a timely demand for speedy trial prior to trial.

Finally, there was no prejudice to appellant from the delay. No evidence was lost, memories did not fade, and witnesses remained available for trial. Pretrial confinement was not oppressive in any legal sense and his defense was not impaired. The latter factor is critical in that there was no evidence that appellant was unable to adequately prepare for the trial due to the delay.

## CONCLUSION

On consideration of the entire record, including the matters personally submitted by appellant pursuant to *Grostefon*, the findings of guilty and the sentence are AFFIRMED.

Senior Judge TOZZI and Judge CAMPANELLA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4