# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, ALDYKIEWICZ, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist MARCO A. REYES**
**United States Army, Appellant**

ARMY 20160704

Headquarters, 82d Airborne Division
Deidra J. Fleming, Military Judge
Colonel Dean L. Whitford, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Patrick G. Hoffman, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Jeremy S. Watford, JA; Captain Natanyah Ganz, JA (on brief).

2 May 2019

--------------------------------
OPINION OF THE COURT
--------------------------------

MULLIGAN, Senior Judge:

Appellant argues the military judge abused her discretion when she denied appellant's motion to admit out-of-court statements by one of appellant's victims substantively, and instead admitted the statements only for impeachment purposes. We disagree.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape, four specifications of sexual assault, two specifications of conspiracy to obstruct justice, one specification of willfully disobeying a lawful order, one specification of larceny, one specification of wrongful appropriation, two specifications of assault consummated by a battery, three specifications of adultery, and three specifications of obstructing justice in violation of Articles 81, 90, 120, 121, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 890, 920, 921, 928, and 934 [UCMJ]. The military judge acquitted appellant of multiple specifications of rape, conspiracy, assault,

obstructing justice, and a general disorder. The military judge sentenced appellant to a dishonorable discharge, thirteen years of confinement, and reduction to the grade of E-1. The military judge credited appellant with 547 days against his sentence to confinement. The convening authority approved appellant's sentence as adjudged. Appellant's case is before us under Article 66, UCMJ.[1]

## BACKGROUND

In less than four years between appellant's enlistment in the Army and his pretrial confinement for the charges in this case, appellant committed a multitude of crimes ranging from military-specific misconduct to rape by force. Among his misdeeds, appellant: sexually assaulted his wife, DR; raped his first mistress, DM; committed adultery with his second mistress, JA; and conspired to obstruct justice with his third mistress, NM.

This opinion focuses on electronic messages DR allegedly sent to NM regarding DR's report of appellant's sexual violence. The messages included:

> I let [appellant] sweet talk me into dropping the charges
> the first time. I told him that I could say anything and the
> court would believe ME. True or not. He raped me as far
> as the police is [sic] aware. I did go get a rape kit. All he
> had to do was be a good husband and he couldn't so I had
> to do what I had to do . . . . You don't know him like I do.

The electronic messages at issue were sent in response to statements by NM, with whom appellant had an adulterous affair, and also with whom appellant conspired to obstruct justice by threatening and attempting to bribe JA.

---

[1] We have considered appellant's other assignment of error, alleging he was denied his right to a speedy trial under Article 10, UCMJ. We find it merits no relief. The delay of which appellant complains was not unreasonably long under the circumstances; the government acted with reasonable diligence to bring appellant to trial; and there were reasonable reasons for the delay. Such reasons include, but are not limited to: the Rule for Courts-Martial 706 evaluation appellant requested; the initial delay of the trial date appellant requested; and the delay necessary to secure expert assistance for appellant at his request. *See generally United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)).

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally asserted three additional claims of error. We find they also merit no relief.

At trial, DR denied having made the statements at issue. Appellant moved to admit the statements substantively, and the government objected on multiple grounds, including hearsay. Appellant responded that the statements fell under the Military Rule of Evidence (Mil. R. Evid.) 803(3) exception to the rule against hearsay. The exception relates to statements of a "then-existing mental, emotional, or physical condition." Appellant's theory was that the statements showed that DR intended to give false testimony. The military judge ultimately admitted the statements for impeachment purposes, but did not admit the statements substantively under the Mil. R. Evid. 803(3) exception. On appeal, appellant challenges this limitation.

## LAW AND DISCUSSION

"A military judge's decision to admit or exclude evidence is reviewed for an abuse of discretion. An abuse of discretion occurs when a military judge either erroneously applies the law or clearly errs in making his or her findings of fact." *United States v. Bowen*, 76 M.J. 83, 87 (C.A.A.F. 2017) (internal citations and quotation marks omitted).

We conclude the military judge did not abuse her discretion by admitting DR's alleged statements for impeachment purposes but not for their substance. We will first address appellant's proposed improper use of DR's statements for a hearsay purpose, then we will address the military judge's proper use of DR's statements for a non-hearsay purpose.

*A. Offering DR's Statements as Hearsay*

Hearsay is commonly defined as an out-of-court statement offered for its truth. More precisely, at courts-martial,

> "Hearsay" means a statement that:
> (1) the declarant does not make while testifying at the current trial or hearing; and
> (2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Mil. R. Evid. 801(c).

Hearsay is generally inadmissible as evidence in the Anglo-American legal tradition, *see McCormick on Evidence* § 244 (7th ed. 2013), and is explicitly prohibited at courts-martial. Mil. R. Evid. 802. A statement that is not offered to prove the truth of the statement's content is not hearsay and is not prohibited by the rule against hearsay. The prohibition on hearsay as evidence is also subject to many exceptions. *See* Mil. R. Evid. 801(d), 802, 803, 804, 807.

It is without question that the messages allegedly sent by DR to NM were statements not made at appellant's trial. Whether the messages constitute hearsay therefore depends on the purpose for which the messages were offered.

Appellant sought to admit the relevant messages substantively—i.e., for the truth of the assertions contained in the messages. While this would be a hearsay use of the messages, appellant asserts the hearsay exception found in Mil. R. Evid. 803(3) for a "then-existing mental, emotional, or physical condition" applies.

In relevant part, Mil. R. Evid. 803(3) makes an exception to the rule against hearsay for the following:

> A statement of the declarant's then-existing state of mind
> (such as motive, intent, or plan) or emotional, sensory, or
> physical condition (such as mental feeling, pain, or bodily
> health), but not including a statement of memory or belief
> to prove the fact remembered or believed unless it relates
> to the validity or terms of the declarant's will.

Mil. R. Evid. 803(3) (parentheticals in original).

The bulk of the statements at issue are about past events, such as what DR allegedly said to appellant in the past. Thus, most of the statements at issue are worse than hearsay, they are hearsay within hearsay. None of the statements at issue are statements of a mental state or physical condition that existed when DR made them.

The substantive assertions in the relevant statements are not only compound hearsay, they are also not particularly beneficial to appellant. The statements include assertions that appellant was a bad husband; appellant raped DR; DR had a rape kit administered to her; appellant sweet-talked DR into dropping a prior complaint; and NM does not know appellant like DR does.

The importance of DR's statements is not the truth of their underlying substance—such as that appellant was a bad husband—but as circumstantial evidence that DR was biased against appellant and might have a motive to fabricate her allegations against him. The statements also could be read to circumstantially suggest that DR may have had a plan to falsely testify against appellant. DR never explicitly said she was biased, had a motive to fabricate, or intended to testify falsely, but a reasonable factfinder could have drawn such conclusions from the

4

totality of DR's statements.[2]  In other words, DR's statements to NM are relevant not for their substance, but as evidence to undermine the trustworthiness of DR's in-court testimony against appellant—i.e., as impeachment.

*B. Admitting DR's Statements for the Non-Hearsay Purpose of Impeachment*

The military judge did not entirely exclude DR's alleged statements from evidence.  She admitted the relevant statements for the purpose of impeachment, which is a non-hearsay use of the statements.

The "then-existing state of mind" exception under Mil. R. Evid. 803(3) should not be confused with the non-hearsay *use* of statements offered as *circumstantial* evidence of a declarant's state of mind.  Impeachment through circumstantial evidence of a declarant's state of mind and the Mil. R. Evid. 803(3) exception represent "two separate purposes for which [evidence] may be admitted: (1) showing bias—an impeachment method *which is not* hearsay, and (2) showing state of mind—a hearsay *exception* under Rule 803(3)."  *United States v. Gentle*, 361 Fed. Appx. 575, 580 (5th Cir. 2010) (emphasis in original).  *See also id.* at n.5 (citing *McCormick on Evidence* § 274 (6th ed. 2009)).

Statements offered as circumstantial evidence of a declarant's state of mind are not hearsay because such statements are not offered for the truth of the matter asserted therein.  Instead, such statements are offered as circumstantial evidence of the speaker's bias, motive, intent, or similar mental processes.[3]

We conclude the military judge did not abuse her discretion by denying appellant's motion to substantively admit DR's alleged out-of-court statements.  The military judge admitted DR's statements as impeachment evidence, and therefore considered them for precisely the purpose for which they should be considered—as potentially impeaching DR's in-court testimony.  *See* Mil. R. Evid. 608(c).  We therefore conclude the military judge did not err.

---

[2] A reasonable fact finder could have also drawn different conclusions based on the circumstances, which would not so significantly undermine DR's credibility.

[3] For example, suppose Sergeant (SGT) Smith testifies that Specialist (SPC) Jones said to him, "SGT Smith, you are the worst sergeant in the Army!"  The statement might be admissible as circumstantial evidence that SPC Jones does not like SGT Smith, but it would not be admissible as evidence that SGT Smith is, in fact, the worst sergeant in the Army.

Further, even if DR's statements had been substantively admissible, the failure to admit them substantively would be harmless to appellant because the military judge considered the statements for the purpose that would most benefit appellant—to undermine DR's credibility. That the military judge nevertheless convicted appellant of offenses against DR speaks to NM's lack of credibility and the strength of the balance of evidence against appellant.

We are mindful that the military judge was able to see and hear the witnesses, including DR and NM, and was in a "superior position" than we are to judge the witnesses' credibility. *United States v. Latimer*, 30 M.J. 554, 557 (A.C.M.R. 1990). DR denied having made the statements, and NM was a witness of dubious credibility considering her relationship with appellant and criminal conspiracy with him to obstruct justice through witness-tampering. We find no fault with the military judge's admission of the relevant statements as impeachment evidence, her weighing of witnesses' credibility, and her verdict of appellant's guilt.

Judge SCHASBERGER and Judge ALDYKIEWICZ concur.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6