# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
POND, MORRIS, and JUETTEN
Appellate Military Judges

**UNITED STATES, Appellant**
v.
**Cadet JORGE A. HURTADO**
**United States Army, Appellee**

ARMY MISC 20240609

Headquarters, U.S. Military Academy
William C. Ramsey, Military Judge
Lieutenant Colonel Jeffrey A. Gilberg, Special Trial Counsel

For Appellant: Colonel Richard E. Gorini, JA; Captain Anthony J. Scarpati, JA; Captain Stewart A. Miller, JA (on brief and reply brief).

For Appellee: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Captain Jessica A. Adler, JA (on brief).

25 March 2025

------------------------------------------------------------------

SUMMARY DISPOSITION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE

------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

POND, Chief Judge:

This case is before us as an interlocutory appeal under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862 [UCMJ]. Appellant contends the military judge abused his discretion when he suppressed appellee's statement to agents from the Criminal Investigation Division (CID) because, contrary to the military judge's findings, appellee's invocation of his right to counsel was equivocal and ambiguous. For the reasons set forth below, we agree and grant the government's appeal.

## BACKGROUND

Appellee, a former cadet at the United States Military Academy (USMA), is charged with allegations of sexual misconduct against four fellow cadets. As part of CID's investigation, appellee was escorted by his chain of command to the local CID field office for questioning and gave a statement. At trial, defense moved to suppress this statement on the basis appellee had invoked his right to counsel prior to questioning. The military judge agreed and granted defense's motion to suppress the statement.

In making his ruling, the military judge made the following factual findings and conclusions of law:

- CID opened an investigation and arranged to have appellee brought to their office for an interview on 23 January 2024. Special Agent (SA) ███ conducted the majority of appellee's interview.

- Prior to questioning, SA ███ advised appellee of his rights, to include appellee's right to have a lawyer present. Appellee acknowledged he understood his rights to remain silent and the right to have an attorney present.

- After advising appellee of his rights, SA ███ asked appellee: "Do you want a lawyer at this time?" CDT Hurtado responded, stating: "I mean, I would like to speak to a lawyer, but um, yeah."

- SA Lucas then stated, in response, "That's okay," and re-asked the question a second time: "So you want a lawyer at this time?" SA ███ then interjected to explain to appellee what the process would be if he decided to ask for a lawyer.

- The military judge found appellee invoked his right to counsel when he stated, "I mean, I would like to speak to a lawyer, but um, yeah." Given the totality of the circumstances, the military judge found the interview should have stopped at that point and until appellee was provided with an opportunity to speak with counsel.

## LAW AND DISCUSSION

*Standard of Review and Applicable Law*

In an Article 62, UCMJ, appeal, we review the evidence in the light most favorable to the prevailing party at trial. *United States v. Pugh*, 77 M.J. 1, 5 (C.A.A.F. 2017). Article 62, UCMJ, limits this court's authority to "act only with

respect to matters of law." UCMJ art. 62(b). Thus, we are "bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous," *Pugh*, 77 M.J. at 3, and "may not 'find [our] own facts or substitute [our] own interpretation of the facts.'" *United States v. Becker*, 81 M.J. 483, 489 (C.A.A.F. 2021) (quoting *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007)). However, we review questions of law, such as whether an accused has invoked his right to counsel, de novo. *United States v. Davis*, 36 M.J. 337, 341 (C.A.A.F. 1993).

"We review a military judge's ruling on a motion to suppress evidence for an abuse of discretion." *United States v. Flanner*, 2024 CAAF LEXIS 578, at *11 (C.A.A.F. Sep. 30, 2024) (citation omitted). "In reviewing a military judge's ruling on a motion to suppress, we review factfinding under the clearly-erroneous standard and conclusions of law under the de novo standard." *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995). Thus, "a military judge abuses his discretion when his findings of fact are clearly erroneous or his conclusions of law are incorrect." *Id.* Whether an accused has invoked his right to counsel is a question of law which we review de novo. *United States v. Davis*, 36 M.J. 337, 341 (C.A.A.F. 1993).

"Prior to initiating interrogation, law enforcement officials must provide rights warnings to a person in custody," including the right to consult with counsel and have counsel present during questioning. *United States v. Delarosa*, 67 M.J. 318, 320 (C.A.A.F. 2009) (citing *Miranda v. Arizona*, 384 U.S. 436, 445, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)). If, after given *Miranda* rights, "a suspect provides an ambiguous statement regarding invocation of rights," then "law enforcement officials are not obligated to cease interrogation." *Id.* (citing *Davis v. United States*, 512 U.S. 452, 461-62 (1994)). In that case, "law enforcement officials may attempt to clarify the issue of rights invocation, but they are not required to do so." *Id.* Asking clarifying questions, however, "will often be good police practice." *Davis*, 512 U.S. at 461 (noting asking such questions protects suspect rights while minimizing judicial second-guessing as to what a suspect's statement about his rights meant). *Id.*

In determining whether the invocation of the right to counsel is unambiguous, "the Supreme Court has stated that the invocation must be 'sufficiently clear[] that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.'" *Delarosa*, 67 M.J. at 324 (quoting *Davis* 512 U.S. at 459). In conducting our analysis, we look to "events immediately preceding, as well as concurrent with, the invocation in the course of addressing the issue of ambiguity." *Id.*

*Discussion*

Applying a clearly erroneous standard, most of the military judge's findings of fact are supported by the record. The parties argue whether appellee said "I

mean" at the beginning of his initial statement. Both parties at trial, however, appear to have agreed that appellee prefaced his reply with the words, "I mean" as adopted in the military judge's findings of fact. Regardless, the words "I mean" are not dispositive to our analysis. But the military judge's finding that SA ███ "interjected" to further explain appellee's right is not supported by the record. Interjecting infers that SA ███ interrupted appellee. However, after asking appellee if he wanted an attorney a second time, SA ███ waited for appellee's response. It was not until after appellee shrugged and said, "I just...I don't....I don't..." and then trailed off, not finishing his sentence, that SA ███ then explained the process of exercising his right to counsel in more detail. We are mindful that we cannot make our own findings of fact and do not adopt or insert these facts into our legal analysis. But we merely note them to reflect a finding which is clearly erroneous.

We also note the military judge failed to consider key facts in making his ruling. We note the military judge failed to consider the rising pitch of appellee's response, indicating a question in his reply, as well as appellee's simultaneous gestures. The omission of and failure to consider key and competing facts afford a military judge's ruling less deference. *See United States v. Finch*, 79 M.J. 389, 397-98 (C.A.A.F. 2020).

Under a de novo review, the plain language of the word "but" at the end of appellee's statement is inherently equivocal. The word "but" is a phrase used to introduce a phrase or clause contrasting with what has already been mentioned. *See Merriam-Webster, But*, https://www.merriam-webster.com/dictionary/but (last visited Mar. 19, 2025) (defining "but" as "except for the fact"). Here, appellee stated he would like to speak to a lawyer, followed immediately by the word "but," which by its plain language, introduces a different and opposite intent. The word "but" inserts doubt as to what appellee intended. Without the word "but," the ambiguity in appellee's statement dissipates. With the word "but," appellee's statement is anything except clear and unequivocal.

Faced with this ambiguity, SA ███ re-asked the question to clarify appellee's intent: "So you want a lawyer at this time?" This served the legitimate law enforcement function of dispelling the ambiguity and clarifying whether appellee was indeed invoking his rights. Though such questions are not required, they are encouraged because, as the Supreme Court stated, asking these types of clarifying questions serves the dual purpose of protecting a suspect's rights while minimizing judicial second-guessing of what an accused intended by a statement which is ambiguous and unclear. *Davis*, 512 U.S. at 461.

For the foregoing reasons, under a de novo review, we conclude appellee did not unequivocally invoke his right to counsel.

4

## CONCLUSION

The government appeal is GRANTED and the military judge's ruling is VACATED. We return the record of trial to the military judge for action consistent with this opinion.

Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court