*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, KISOR, and FLINTOFT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Avery L. ROSARIO**
Private First Class (E-2), U.S. Marine Corps
*Appellant*

**No. 202400297**

_____

Decided: 19 December 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Douglas C. Hatch

Sentence adjudged 9 April 2024 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 30 days, and forfeiture of $1,000.00 per month for one month.[1]

For Appellant:
*Lieutenant Commander Michael W. Wester, JAGC, USN*

---

[1] Appellant was credited 247 days of pretrial confinement credit.

For Appellee:
*Major Mary Claire Finnen, USMC*
*Lieutenant Matthew Parker, JAGC, USN*

Senior Judge KISOR delivered the opinion of the Court, in which Chief Judge DALY and Judge FLINTOFT joined.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

KISOR, Senior Judge:

Appellant was convicted, consistent with his pleas, of one specification of breach of restriction in violation of Article 87b, Uniform Code of Military Justice (UCMJ).[2] Appellant asserts a single assignment of error: whether the findings and sentence should be dismissed due to a speedy trial violation under Article 10, UCMJ. The case is before us on direct appeal pursuant to Article 66(b)(1)(A), UCMJ. We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant tested positive for a metabolite of marijuana following a urinalysis. As a result, he was placed on restriction on 8 June 2023. The terms of his restriction included an order directing him not to leave Marine Corps Base Camp Pendleton. Nonetheless, approximately 3 weeks later, on 27 June 2023, Appellant left Camp Pendleton and went to Chula Vista, California, in order to meet a person whom he met online. His goal was to have sex with her. Ultimately, he brought her back to his barracks at Camp Pendleton for that purpose.

The person turned out to be underage. Although she had told Appellant she was not a minor, she was actually 14. She was discovered in his barracks room the next day after Appellant had gone to work. Naval Criminal Investigative Service (NCIS) agents responded and interviewed her and then called child protective services. She alleged that Appellant had sexually assaulted her. The Government ultimately charged Appellant with three specifications of sexual

_____

[2] 10 U.S.C. § 887b.

assault of a child in violation of Article 120b, UCMJ, and with breach of restriction. Appellant was placed in pretrial confinement on 1 August 2023.

On 18 March 2024, Appellant, represented by civilian and military counsel, filed a motion to dismiss the Article 120b charges pursuant to Article 10, UCMJ. The motion did not request any relief with respect to the breach of restriction charge. After a hearing, the military judge denied the motion.

However, the evidence that Appellant actually knew that the person with whom he had sex was underage was, apparently, dubious at best. Eventually, Appellant and the convening authority entered into a plea agreement whereby the charges and specifications were withdrawn from the general court-martial, and only the breach of restriction charge was re-referred to a special court-martial.[3] Pursuant to that plea agreement, Appellant pleaded guilty to one specification of breach of restriction, and the Article 120b charges, which had been withdrawn, were dismissed by the convening authority "without prejudice, to ripen into prejudice upon completion of appellate review where the findings and sentence have been upheld."[4] Appellant's sentence included thirty days confinement, but Appellant was credited with 247 days of pretrial confinement credit.[5]

Although untethered to the charge in this case, the Article 10 motion, which had been denied in the context of the prior general court-martial, was disinterred and resurrected into the guilty plea in this special court-martial. It thus exists in the corpus of the appeal now before us. We dispatch it here.

## II. DISCUSSION

**There was no speedy trial violation under Article 10.**

The unique facts of this case reveal that the 247 days of pretrial confinement did not violate Article 10, UCMJ, with respect to the only charge before this Court.

---

[3] App. Ex. I. The plea agreement was signed by Appellant on March 20, 2024 and the Convening Authority on April 2, 2024.

[4] App. Ex. I at 5.

[5] R. at 75.

*1. Standard of Review.*

We review a military judge's ruling on a motion to dismiss charges and specifications for a violation of Article 10 de novo.[6] We give substantial deference to the military judge's findings of fact unless they are clearly erroneous.[7]

Article 10 provides that when an accused is placed in pretrial confinement, "immediate steps shall be taken" to inform the accused of the charges and either bring the accused to trial or dismiss the charges.[8]

Article 10 does not require "constant motion, but reasonable diligence in bringing the charges to trial."[9] Our framework to determine whether the Government proceeded with the required reasonable diligence includes balancing the following four factors: (1) the length of the delay; (2) the reasons for the delay; (3) whether Appellant made a demand for speedy trial; and (4) prejudice to Appellant.[10] Importantly, "[s]hort periods of inactivity are not fatal to an otherwise active prosecution."[11] As we conduct our analysis, we examine the proceeding as a whole and not merely the speed of the prosecution.[12] Put differently, "the essential ingredient is orderly expedition and not mere speed."[13]

A guilty plea does not waive a litigated Article 10 motion.[14]

*2. Analysis.*

a. Whether this issue is preserved

An unconditional guilty plea has a deciduous effect on previously-litigated motions, with a notable exception being the right to a speedy trial.[15] So at the

---

[6] *United States v. Cooper,* 58 M.J. 54, 57 (C.A.A.F. 2003).

[7] *United States v. Cooley,* 75 M.J. 247, 259 (C.A.A.F. 2016) (citing *United States v. Cossio,* 64 M.J. 254, 256 (C.A.A.F. 2007)).

[8] Article 10, UCMJ, 10 U.S.C. § 810; *see also United States v. Mizgala,* 61 M.J. 122, 124 (C.A.A.F. 2005).

[9] *See Cossio,* 64 M.J. at 256 (quoting *Mizgala,* 61 M.J. at 127).

[10] *Barker v. Wingo,* 407 U.S. 514, 530 (1972).

[11] *Mizgala,* 61 M.J. at 127 (citing *United States v. Tibbs,* 15 C.M.A. 350, 353, 35 C.M.R. 322, 325 (C.M.A. 1965)).

[12] *Id.* at 129.

[13] *United States v. Mason,* 21 C.M.A. 389, 393, 45 C.M.R. 163, 167 (C.M.A. 1972) (quoting *Smith v. United States,* 369 U.S. 1, 10 (1959)).

[14] *Mizgala,* 61 M.J. at 127.

[15] *See* R.C.M. 705(c)(1)(B).

outset, we confront the rather unusual circumstance of this case: at a prior general court-martial, Appellant litigated an Article 10 motion concerning different charges than the one before this Court of which he stands convicted.[16] Ordinarily, we would agree with the Government's position that Appellant's unconditional guilty plea operated to waive Appellant's Article 10 claim as to the sole charge and specification because Appellant's prior Article 10 motion, litigated in the context of a formerly-existing general court-martial, did not include or address the charge and specification that Appellant pleaded guilty to at this special court-martial. However, the military judge specifically, and without much explanation, allowed the Defense to "adopt" its prior Article 10 motion.[17] After the Defense did so, the military judge, "in turn," adopted his prior ruling on that motion.[18]

Thus, all parties to the special court-martial collectively understood that the prior Article 10 motion survived this guilty plea. In fact, Appellant was specifically advised, during the plea colloquy, that the previously-litigated Article 10 motion was not waivable.[19] We will not disturb the parties' understanding; and so we hold that this particular motion, under the unique facts of this case, survived the guilty plea, and we will review it de novo.

  b. The *Barker v. Wingo* factors favor the Government, and there was no Article 10 or constitutional speedy trial violation in this case.

    (1) Length of delay

The length of the time between the imposition of pretrial confinement and the trial was 247 days. Ordinarily, this would be a long time for a simple breach of restriction charge to be brought to trial, but there were other pending charges that were the subject of the Article 10 motion. In his verbal ruling conducting his Article 10 analysis, the military judge "struggled to find any delay" apart from a short 10-12 day period of inactivity during the 2023 Christmas holiday period.[20] We agree that the Government demonstrated reasonable diligence, and this factor favors the Government here.

---

[16] Audio Rec'g of General Court-Martial Article 39(a) Session, App. Ex. II (Mar. 22, 2024).

[17] R. at 40.

[18] R. at 40.

[19] R. at 40-41.

[20] Audio Rec'g of General Court-Martial Article 39(a) Session, App. Ex. II at 1:15 (Mar. 22, 2024).

### (2) Reasons for delay

The other (more serious) charges were being actively investigated by the Government. Eventually, there was a disclosure of apparently exculpatory evidence, which evidently caused the collapse of the prosecution on the serious child sexual assault charge and its specifications. After that happened and all of the charges were withdrawn from the pending general court-martial, only the breach of restriction charge was re-referred to this special-court-martial; it was promptly resolved with a guilty plea five days later. Thus, this factor is neutral or slightly favors the Government.

### (3) Whether Appellant made a demand for speedy trial

Appellant never made a demand for a speedy trial on the breach of restriction charge before this Court. In fact, Appellant specifically addressed this factor in his Article 10 motion and only requested the sexual assault and its specifications be dismissed.[21] Moreover, while the Government requested an 18 March 2024 trial date for this referred charge, the Defense requested that the trial be 16 April 2024.[22] Accordingly, in the context of this Appeal, this factor also favors the Government.

### (4) Prejudice

The Court of Appeals for the Armed Forces has stated that the prejudice prong of the Article 10 balancing test requires something more than pretrial confinement.[23] Appellant's claim of prejudice has to do with anxiety during pretrial confinement, difficulty reaching his lawyer, failure by his command to conduct proper command visits, not being given a proper uniform, and being disrespected by other prisoners.[24] Taken together, under the unique facts of this case, this is insufficient prejudice to dismiss the breach of restriction charge, given the weight of the other factors.

---

[21] Rosario GCM Docs, App. Ex. II at 1 (PDF at 543, 546).

[22] Audio Rec'g of General Court-Martial Article 39(a) Session, App. Ex. II at 2:30 (Mar. 22, 2024).

[23] *See United States v. Cooley*, 75 M.J. at 262.

[24] Appellant's Brief at 34.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the finding and sentence are correct in law and that no error materially prejudicial to Appellant's substantial rights occurred.[25]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[25] Articles 59 & 66, UCMJ.